**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**(NEWPORT NEWS DIVISION)**

| | |
|---|---|
| MELINDA SMITH,<br><br>    Plaintiff,<br><br>    v.<br><br>ATLAS NORTH AMERICA, LLC,<br><br>and<br><br>THYSSENKRUPP MATERIALS<br>NORTH AMERICA, LLC<br><br>    Defendants. | Case No. 4:23-cv-00095-AWA-RJK |

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANT'S MOTION TO DISMISS**

Defendant Atlas North America LLC ("Atlas") by and through undersigned counsel, moves to dismiss the Complaint in its entirety pursuant to Federal Rule of Civil Procedure Rule 12(b)(6) for failure to state a claim upon which relief can be granted. In support thereof, Defendant states as follows:

**I.    FACTUAL BACKGROUND**

Atlas is a maritime technology company in the fields of hydroacoustics, sensor engineering and information technology. It supplies equipment and technology to various navies and civilian customers worldwide.

In March 2015, Plaintiff Melinda Smith first met with Martin Wilcox, an engineer at Atlas, to discuss potential patenting of an invention to assist in the tracking and rescue of individuals lost overboard. (Compl. (dkt #1) ¶ 10.) Plaintiff alleges Wilcox then asked Smith to perform a prior art search regarding the invention at the United States Patent Office, giving her

direction in how to conduct an initial search. *Id*. at ¶ 12. Smith performed an initial search, which she claims did not reveal any inventions which would preclude her from being able to pursue a patent. *Id*. At ¶ 13. The parties continued to correspond about the invention over the next few months. *Id*. At ¶¶ 11-14.

On May 20, 2015, Wilcox informed Smith that Atlas would be pursuing patent protection for the invention, naming her as co-inventor, and the production and sale of the invention. (Compl. (dkt #1) ¶ 16.) On May 21, 2015, the parties entered into a nondisclosure agreement concerning their discussions regarding the invention (hereinafter referred to as the "Non-Disclosure Agreement"). *Id*. at ¶ 17; (Compl. (dkt #1-1)). Over three years later, on July 3, 2018, Smith received an email from Wilcox stating that thyssenkrupp, was pursuing patent protection for the invention. *Id*. At ¶ 21.

Plaintiff then alleges that, on August 6, 2020, Cardinal Intellectual Property ("Cardinal") performed a search for Smith's patent application with the United States Patent and Trademark Office ("USPTO") on her behalf and at her request. *Id*. At ¶ 26. Plaintiff states in her Complaint that the search did not reveal any publicly available record that the patent application had been filed. *Id*.

On September 11, 2020, a letter was sent on Plaintiff's behalf to Rob Harmer, Esq. ("Harmer"), Intellectual Property Counsel for thyssenkrupp seeking information about the status of the patent application. *Id*. At ¶ 27. Harmer responded on October 9, 2020, advising that an application was filed in 2019; however, the USPTO rejected the application, and it was abandoned. *Id*. At ¶ 28. Smith has alleged that she did not know and could not reasonably have discovered that Defendant pursued and abandoned the application until receiving Harmer's response on October 9, 2020. *Id*. At ¶ 32.

On November 2, 2020, Smith alleges that she contacted USPTO by telephone and was advised that an application was filed in 2019 with the title of "Overboard Protection and Tracking System," and that only Martin Wilcox was named as the inventor of the application. *Id*. at ¶ 33.

On July 14, 2023, Plaintiff filed the complaint alleging that the filing of the patent application incorporating Smith's invention constituted a misappropriation and use of her trade secret in violation of the Federal Defend Trade Secrets Act and Virginia Uniform Trade Secrets Act. *Id*. at ¶¶ 34-44. She has also alleged that these actions breached the parties' Non-Disclosure Agreement. *Id*. at ¶¶ 46-48

## II.    ARGUMENT

### A.    Legal Standard.

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint that fails to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Determining whether a claim is plausible is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Litigants may also plead themselves out of court by alleging facts that establish defendant's entitlement to prevail. *Bennett v. Schmidt*, 153 F.3d 516, 519 (7th Cir. 1998).

**B.      Dismissal of the Complaint Is Warranted Because It Was Not Filed Within the Required Statute of Limitations.**

**1.      Count I: Theft of Trade Secret in Violation of 18 U.S.C. § 1836**

The Defend Trade Secrets Act ("DTSA") provides that private civil actions "may not be commenced later than 3 years after the date on which the misappropriation with respect to which the action would relate is discovered or by the exercise of reasonable diligence should have been discovered. For the purposes of this subsection, a continuing misappropriation constitutes a single claim of misappropriation." 18 U.S.C. § 1836(d).

The statute of limitations period under the DTSA runs for all misappropriations committed by defendant at the time plaintiff discovers, or should have reasonably discovered, defendant's first misappropriation; in other words, although initial wrongful acquisition of trade secret and each subsequent misuse are separate acts of misappropriation, a claim for misappropriation arises only once at the time of the initial misappropriation. *Houser v. Feldman*, 569 F. Supp. 3d 216 (E.D. Pa. 2021).

Plaintiff filed this action on July 14, 2023. (Compl. (dkt #1)). She asserted that "a patent application had been filed in 2019…Wilcox was named as an inventor…and…Smith was not named as an inventor…." *Id*. at ¶ 33. She concluded that Defendant misappropriated her trade secret invention by using it to "prepare and file a patent application" in 2019, "that they then, without informing her or involving her in the process, abandoned…." *Id*. at ¶ 33. Plaintiff's allegations evidence that these events occurred more than four years ago. As a result, her claim is not timely because it has been filed beyond the required three-year statute of limitations period.

To the extent the Plaintiff argues the statute of limitations is tolled in this case, her argument fails. In order to toll the statute of limitations of the DTSA due to fraudulent

- 4 -

concealment, the Plaintiff must prove three elements: "(1) Defendant fraudulently concealed facts that are the basis of the plaintiff's claim, and (2) the plaintiff failed to discover those facts within the statutory period, despite (3) the exercise of due diligence." *Edmonson v. Eagle Nat'l Bank*, 922 F.3d 535, 548 (4th Cir. 2019) (quoting *Marlinton, Inc. v. Meadow Gold Dairies, Inc.*, 71 F.3d 119, 122 (4th Cir. 1995)). Alternatively, a plaintiff may rely on the principle of federal equitable estoppel to toll the statute of limitations. To toll the statute of limitations via federal equitable estoppel, a plaintiff must establish that "failure to timely file his claim derives . . . from conduct taken by the defendant to induce the plaintiff not to timely file his claim." *Id*. at 549. In essence, a plaintiff must show reliance on a defendant's misconduct. *Azima v. Del Rosso*, No. 1:20CV954, 2021 U.S. Dist. LEXIS 236611 (M.D.N.C. Dec. 10, 2021). For the reasons discussed below, the allegations in Plaintiff's complaint do not support either of these legal theories, nor can the facts asserted by Plaintiff support them.

Plaintiff has asserted that she did not know and could not reasonably have discovered the alleged misappropriations until receiving Harmer's letter on October 9, 2020. *Id*. at ¶ 32. In support, she has included correspondence exchanged with Wilcox on August 14, 2019, in which Wilcox said thyssenkrupp did not "want us to do anything until a patent is obtained," (Compl. (dkt #1-4); February 19, 2020 (dkt #1-5) and July 27, 2020 (dkt #1-6). However, the correspondence does not evidence concealment or conduct taken by Defendant to induce Plaintiff to not timely assert her claim. To the contrary, in the 2019 correspondence, Wilcox plainly informed Plaintiff that the company was pursuing patent protection in the invention. Similar statements were made several times after that. *See id.* Additionally, Wilcox expressly advised Plaintiff on February 19, 2020, that the application for her invention had already been filed. (Compl. (dkt #1) ¶ 23.); (dkt #1-5). Accordingly, there is no allegation or evidence of any

fraud or concealment about what was happening with the patent application; to the contrary, Plaintiff was kept informed of the status. Had Plaintiff exercised due diligence, she could have exercised the rights she claims to have under the DTSA within the three-year limitations period following the February 19, 2020 date when she was told the patent application was filed. She did not do so. Thus, the Court should dismiss Count I of the Complaint as it is time-barred.

### 2. Count II: Misappropriation of Trade Secrets in Violation of VA. CODE ANN. § 59.1-336 et seq.

The Virginia Uniform Trade Secrets Act prohibits the misappropriation of another's trade secrets and has a three-year statute of limitations. Va. Code Ann. §§ 59.1-336, 59.1-340. Section 59.1-340 states that a misappropriation action must be brought within three years after the misappropriation is discovered or by the exercise of reasonable diligence should have been discovered and that a continuing misappropriation constitutes a single claim. *Id*.

For the reasons discussed above, Plaintiff's claim has not been timely filed under the Virginia Uniform Trade Secrets Act. *See Thousand Oaks Barrel Co., LLC v. Deep South Barrels LLC*, 241 F. Supp. 3d 708, 723 (E.D. Va. 2017) (trade secrets claim was untimely because the alleged misappropriation could have been discovered earlier; even if the claimant did not know that a former employee had disclosed supplier contact information that was one of its trade secrets, it knew that another company had acquired the information, and it could have taken reasonable steps to learn how that happened). Thus, the Court should dismiss Count II of the Complaint as it is time-barred.

### 3. Count III: Breach of Non-Disclosure Agreement

Pursuant to VA Code § 59.1-508.5(a), an action for a breach of contract must be commenced not later than five years after the right of action accrues. Plaintiff has asserted that Defendant breached the Non-Disclosure Agreement through misappropriation and use of Smith's

invention in pursuing a patent application. (Compl. ¶ 47). On July 3, 2018, Wilcox advised Plaintiff that thyssenkrupp was pursuing patent protection for the invention. As a result, the statute of limitations for this claim expired on July 3, 2023. The Complaint was filed on July 14, 2023, and is not timely. Although the formal application was not filed with USPTO until 2019, the statute of limitations for trade secret misappropriation begins to run at the time of the initial misappropriation and is not extended by subsequent acts. *Houser*, 569 F. Supp. 3d at 216. Therefore, the Court should dismiss Count III of the Complaint as it is also time-barred.

    **C.    Plaintiff lacks Standing to Assert Her Misappropriation of Trade Secrets Claims Because the Patent Application Extinguished the Information's Trade Secret Status.**

Plaintiff's misappropriation of trade secrets claims also fail because she lacks standing under the DTSA and Virginia state law. It is well-settled that publication of information in a patent application eliminates any trade secrecy. *Attia v. Google LLC*, 983 F.3d 420, 426 (9th Cir. 2020); *Ultimax Cement Mfg. Co. v. CTS Cement Mfg. Co.*, 587 F.3d 1339, 1355-56 (Fed. Cir. 2009) (holding that the district court properly granted summary judgment disposing of plaintiffs' trade secret claims because plaintiffs could not prove the existence of a trade secret where its trade secret had been "disclosed in a patent," making it "generally known to the public"); *see also Stutz Motor Car of Am., Inc. v. Reebok Int'l, Ltd.*, 909 F. Supp. 1353, 1359 (C.D. Cal. 1995), ("It is well established that the disclosure of a trade secret in a patent places the information comprising the secret into the public domain. Once the information is in the public domain and the element of secrecy is gone, the trade secret is extinguished. . . ."), *aff'd*, 113 F.3d 1258 (Fed. Cir. 1997); *Tao of Sys. Integration v. Analytical Servs. & Materials, Inc.*, 299 F. Supp. 2d 565 (E.D. Va. 2004) (Competitor's Fed. R. Civ. P. 12(b)(6) motion to dismiss an aeronautical engineering company's misappropriation of trade secret claim related to patents and patent refinements, brought pursuant to VA Code § 59.1-336, was granted where the information in the government's patent files was

publicly available and the company failed to allege that the enhancements, refinements, and improvements to the company's patents had been improperly acquired, disclosed, or used).

Here, Plaintiff agreed to allow Atlas to pursue patent protection for her invention. (Compl. ¶¶ 16; 21). Her patent application was filed in 2019. *Id*. at ¶ 33. As a result, the information contained in her application has been disclosed in a patent making it generally known to the public and no longer a trade secret under the DTSA and Virginia state law. Based on the facts alleged in the Complaint, Plaintiff cannot show this information qualifies as a trade secret and/or has been misappropriated. Therefore, the Court should dismiss Counts I and II.

> **D. Defendant Did Not Violate the Non-Disclosure Agreement Because Plaintiff Consented to Pursuing Her Patent Application and Has Not Asserted that Her Invention is Covered by the Agreement.**

Plaintiff's breach of contract claim also fails because Defendant did not breach the Non-Disclosure Agreement as a matter of law. The parties' non-disclosure agreement only covers "Proprietary Information…[which] shall mean all documents, data and information (i) that are designated by the disclosing party…to be non-public and of a proprietary or confidential nature…." (Compl. (dkt #1-1 ¶ 2.1). Additionally, it provides that "neither Party shall be liable for disclosure or use of any Proprietary Information received from the other Party, if the information was…thereafter entered in the public domain through no fault of the receiving party…Disclosed or used by the receiving Party with the advance written approval of the disclosing Party…." *Id*. at ¶ 2.3.

As stated above, Plaintiff agreed to allow Atlas to pursue her patent application, and information in patent applications are part of the public domain. *Attia*, 983 F.3d at 426. Ultimately, the patent application was rejected by the USPTO. (Compl. ¶ 28).

Additionally, the Complaint only asserts that, "Through the misappropriation and use of Smith's invention, Defendant breached the Non-Disclosure Agreement." (Compl. ¶ 47). But the

non-disclosure agreement only applies to "Proprietary Information" (Compl. (dkt #1-1 ¶ 2.1). Plaintiff has not alleged any facts that evidence that her invention is "Proprietary Information" and covered by this provision.

### III.   CONCLUSION

For the reasons set forth above, and to avoid unnecessarily litigating a claim where there has been no misappropriation of any trade secrets, Defendant respectfully request that the Court grant its Rule 12(b)(6) motion and dismiss the Complaint with prejudice in its entirety.[1]

Dated:  August 30, 2023.

Respectfully submitted,

ATLAS NORTH AMERICA LLC

*/s/ David Trinnes*
David Ludwig (VSB 73157)
David Trinnes (VSB 81027)
DUNLAP BENNETT & LUDWIG
211 Church St. SE
Leesburg, Virginia 20175
Phone: (703) 777-7319
Fax: 703-777-3656
dludwig@dbllawyers.com
dtrinnes@dbllawyers.com

*Attorneys for Defendant Atlas North America LLC and Thyssenkrupp Materials North America, LLC*

---

[1] Plaintiff also filed suit against "Thyssenkrupp Materials North America, LLC… a Delaware LLC with its principal place of business located at 22355 W. 11 Mile Rd, Southfield, MI 48033…. ("Thyssenkrupp Materials")" (Compl. ¶ 3).  However, the entity "Thyssenkrupp Materials North America, LLC" does not exist.  This fact has been communicated to Plaintiff's counsel prior to the filing of this motion.  As such, no response by Thyssenkrupp Materials North America, LLC is required.  There is an unrelated entity named thyssenkrupp Materials NA, Inc. that operates out of the 22355 W. 11 Mile Rd, Southfield, MI 48033 address.  *Id.*  However, that unrelated entity never had any ownership interest in Atlas, and never employed Martin Wilcox or Rob Harner.  *Id.*  The entity thyssenkrupp Materials NA, Inc. is not a party to this case.

**CERTIFICATE OF SERVICE**

      I hereby certify that on August 30th, 2023, a true copy of the foregoing was served on all counsel of record through the Court's CM/ECF system:

            Duncan G. Byers, Esq.
            BYERS LAW
            1769 Jamestown Road, Suite 120
            Williamsburg, VA 23185
            *Counsel for Plaintiff*

                           */s/ David Trinnes*
                           David Trinnes