IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION

MELINDA SMITH,

    Plaintiff,

v.                                                  Civil Action No. 4:23cv95

ATLAS NORTH AMERICA, LLC

and

THYSSENKRUPP MATERIALS NORTH AMERICA, LLC.

    Defendants

## MOTION TO DISMISS AND FOR EXPEDITED DISCOVERY

COMES NOW Plaintiff Melinda Smith ("Smith"), by and through counsel, and for her Motion to Dismiss pursuant to Fed. R. Civ. P. 41(a)(2) and for Expedited Discovery under Fed. R. Civ. P. 26(d) states as follows:

**I.    INTRODUCTION**

Defendant Atlas North America, LLC ("Atlas") filed its Motion to Dismiss (Dkt. 10) and Memorandum in Support (Dkt. 11) pursuant to Fed. R. Civ. P. 12(b)(6) seeking to dismiss the entirety of Smith's Complaint (Dkt. 1). As Atlas noted, Smith filed her Complaint with an error in naming the second defendant as "Thyssenkrupp Materials North America, LLC." Dkt. 11, p. 9, N. 1. Atlas further asserts in that footnote that "there is an unrelated entity named thyssenkrupp Materials NA, Inc. . . [h]owever that unrelated entity never had any ownership interest in Atlas, and never employed Martin Wilcox or Rob Harner [sic]."

As noted in her Complaint (Dkt. 1, ¶ 27 – 30), responses on behalf of Atlas to inquiries by Smith as to the patent application filed claiming her invention came from Rob Harmer, Esq. ("Harmer") on behalf of "thyssenkrupp North America, LLC." His letterhead lists Harmer as "Head of IP – North America." Smith, in her Complaint, erroneously listed "Thyssenkrupp Materials North America, LLC" as the second defendant rather than "thyssenkrupp North America, LLC."

Under normal circumstances, Smith would simply seek that the Court grant leave to Amend and re-serve the Amended Complaint on thyssenkrupp North America, LLC. However, it is unclear at this point if thyssenkrupp North America, LLC is in fact the correct and/or necessary or indispensable party. It is also not clear if thyssenkrupp North America, LLC is the only necessary party. There are several reasons for the uncertainty and the need for discovery to resolve the issue.

## II.    ARGUMENT

The overall corporate group "thyssenkrupp" (*see* Harmer letterhead, Dkt. 1-10) appears to actually be "ThyssenKrupp AG" stylized as "thyssenkrupp." *See* https://en.wikipedia.org/wiki/ThyssenKrupp, last accessed on September 15, 2023. ThyssenKrupp AG is a German company and according to its own information is 100% owner of Atlas North America, LLC. *See* Exhibit 1, p. 9 (highlighted) (obtained from thyssenkrupp at https://ucpcdn.thyssenkrupp.com/_legacy/UCPthyssenkruppAG/assets.files/media/investoren/berichterstattung-publikationen/update-21.11.2019/en/anteilsbesitzliste-%C2%A7-313-hgb-tk_konzern-engl.pdf, last accessed on September 15, 2023). What is unknown is what involvement ThyssenKrupp AG had in the events underlying Smith's claims.

Second, Smith has no knowledge of what corporate entity or entities filed and/or claimed ownership of the patent application claiming Smith's invention. As detailed in her Complaint at ¶ 33 and in her Opposition to Atlas's Motion to Dismiss (Dkt. 13, pp. 3-4) there is no publicly available information related to the patent application filed claiming her invention. As of the date of this filing, there are no published patent documents at the U.S. Patent Office that match the title provided to Smith by the Patent Office. *See* USPTO search results attached as Exhibit 2. The only potential matches are not filed by and/or assigned to any Thyssenkrupp entities, nor naming Martin Wilcox as inventor. *See* patent publications cover pages attached as Exhibit 3. While conferring with counsel for Atlas regarding Defendants' responsive pleadings, counsel for Smith specifically requested the information sought in order to correct any deficiencies in naming the second (and potential other) defendants in the action. In particular information as to the named party who actually prepared and filed the patent application at issue as well as the specific identity of the entity who purchased all or a controlling share of Atlas was requested. *See* Complaint, Dkt. 1, ¶ 19. Atlas declined to provide any information.

Also during that conference, counsel for Atlas indicated that its request for an extension of time was based in part on the fact that he was waiting for information from a Thyssenkrupp entity in Germany, but without identifying specifically the entity or what its relationship to the claims may be.

Finally, whatever entity or entities were directly involved in filing the patent application are likely indispensable parties to this action. It is not clear whether or not ThyssenKrupp North America, LLC is the entity that was responsible for directing and handling the patent application or if there was another one (or more) of the Thyssenkrupp entities that was responsible. Without

the responsible party or parties, Smith cannot be accorded complete relief. Fed. R. Civ. P. 19(a) states in pertinent part that "[a] person ... shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties." Based upon the information at hand, it is clear that some other entity was directing Atlas's actions. And "[i]f a parent corporation directs the allegedly infringing activity of a subsidiary, the parent can be liable for its subsidiary's infringement. The focus of this test is on 'the arrangement between the parent and the subsidiary, the authority given in that arrangement, and the relevance of that arrangement to the plaintiff's claim.'" *Ethypharm S.A. France v. Bentley Pharmaceuticals, Inc.*, 388 F.Supp.2d 426, 432 (D.Del. 2005), *citing C.R. Bard, Inc. v. Guidant Corp.*, 997 F.Supp. 556, 560 (D.Del. 1998).

The inquiry under Fed. R. Civ. P. 19 was recently summarized by this Court: "Federal Rule of Civil Procedure 19 sets out a two-step inquiry for courts to determine whether a party is "necessary" and "indispensable" to the litigation. The first question under Rule 19(a) is 'whether a party is necessary to a proceeding because of its relationship to the matter under consideration.' Second, '[i]f the court determines that the party is 'necessary,' it must then determine whether the party is 'indispensable' to the action under Rule 19(b).'. . 'Neither prong of Rule 19 is to be applied merely as a 'procedural formula.' Instead, the '[d]ecisions must be made pragmatically, in the context of the substance of each case, and courts must take into account the possible prejudice to all parties, including those not before it.'" *Landfall Trust LLC v. Fidelity Nat'l Title Insurance Co.*, 2023 WL 3391985, *2 (E.D.Va. May 11, 2023) (internal citations omitted). Also important is the question of insurance coverage; with a family of companies such as Thyssenkrupp a determination will need to be made as to what insurance (if any) is available to

provide damage coverage. And at this stage, Atlas has not made any disclosure to the Court regarding its corporate structure including what, if any, corporate entities purchased in whole or a controlling share of Atlas. Further confusing the matter is that Rob Harmer, Head of IP – North America for Thyssenkrupp and/or Thyssenkrupp North America, LLC, responded to inquiries about the patent application from Smith and stated specifically that he represented Atlas North America, LLC. Dkt. 1-10.

However, without the information sought regarding the patent application and the involvement of other Thyssenkrupp entities there is insufficient information for Smith to seek joinder of a party or parties and by the same token there is insufficient information for the Court to determine what, if any, entities should be joined to the litigation.

### III. EXPEDITED DISCOVERY SOUGHT

"When presented with a motion to commence discovery prior to the Rule 26(f) conference, courts generally apply a reasonableness or good-cause standard, taking into account the totality of the circumstances in which the motion is presented." *RelaDyne Reliability Services, Inc. v. Bronder*, 2020 WL 5745801, *1 (E.D.Va. Aug. 4, 2020) *citing Humphrey v. Salley Mae, Inc.*, C/A No. 3:10-cv-01505-JFA, 2010 WL 2522743 at *1 (D.S.C. June 17, 2010). Courts applying the good cause formulation consider factors such as, "(1) the procedural posture of the case; (2) whether the discovery at issue is narrowly tailored to obtain information that is probative to the preliminary injunction analysis; (3) whether the requesting party would be irreparably harmed by waiting until after the parties conduct their Rule 26(f) conference; and (4) whether the documents or information sought through discovery will be unavailable in the future or are subject to destruction." *Kia Motors America, Inc. v. Greenbrier GMC, Inc.*, 2020 WL

8970813, *2 (E.D.Va. Dec. 11, 2020), *citing Chryso, Inc. v. Innovative Concrete Sols. Of the Carolinas, LLC*, 2015 WL 12600175 at *3 (E.D.N.C. 2015).

Procedurally, the case at bar is very early in the proceedings with a pending Motion to Dismiss filed by Atlas. Providing the opportunity to ensure that all necessary parties are before the Court at this juncture meets the needs of judicial economy. Certainly this information could be obtained later once formal discovery begins but to wait until that point in time would require the Court to go back and likely consider the joinder of at least one additional defendant, if not more. Then providing those parties an opportunity to respond to the claims.

The proposed discovery (detailed below) is very narrowly tailored to meet only the immediate needs of determining what other entity or entities are required parties.

Smith could also be irreparably harmed by waiting until the commencement of formal discovery. If Atlas's statute of limitations arguments have any merit, Smith's deadline to bring claims against additional parties could potentially be on or before November 2, which will be the third anniversary of when Smith discovered that the patent application had been filed but without naming her as the inventor.

As to the fourth element (whether the documents or information sought through discovery will be unavailable in the future or are subject to destruction) Smith contends that this element likely does not apply.

In order to resolve this issue, Smith is proposing the following discovery be issued to and expeditiously responded to by Atlas:

**Requests for production of documents:**

1. Provide a copy of all documents related to and containing the patent application at issue, including a full copy of the patent application file from the U.S. Patent Office.

**Interrogatories:**

1. Identify each company that claimed rights in the applied-for patent application.
2. Identify each individual responsible for directing that the patent application be prepared and filed, including which entity or entities they are agents, employees, and/or officers of.
3. Identify each individual responsible for preparing and filing the patent application at issue, including which entity or entities they are agents, employees, and/or officers of.
4. Identify each individual responsible for determining whether or not to pursue the patent application at issue after the patent application was filed, including which entity or entities they are agents, employees, and/or officers of.

Smith believes that the above, narrowly tailored discovery requests may be responded to in an expeditious manner and will not unduly burden Atlas. As noted above, the information is critical at this juncture as this information is not publicly available and Atlas has declined to provide the information. And the requested information will resolve the question of whether or not there are indispensable parties that must be brought into the case.

IV. **CONCLUSION**

For the reasons stated herein, Smith respectfully requests that the Court grant her Motion to

Dismiss the incorrectly identified defendant Thyssenkrupp Materials North America, LLC and grant her Motion for Expedited Discovery in the form provided above and to be responded to in an expeditious manner by Atlas but in no event less than 7 days.

Dated: September 19, 2023

        MELINDA SMITH

        By :/s/ Duncan G. Byers
        Of Counsel
        Duncan G. Byers, Esq.
        Va. Bar ID #48146
        BYERS LAW
        1769 Jamestown Road, Suite 120
        Williamsburg, VA 23185
        Telephone: (757) 317-2779
        Facsimile: (757) 231-3797
        dbyers@dbyerslaw.com
        *Counsel for plaintiff Melinda Smith*

## CERTIFICATE OF SERVICE

This is to certify that on the 19th day of September 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following counsel of record:

David Ludwig (VSB #73157)
David Trinnes (VSB #81027)
DUNLAP BENNETT & LUDWIG
211 Church St. SE
Leesburg, Va. 20175
Phone  703.777.7319
Fax    703.777.3656
dludwig@dbllawyers.com
dtrinnes@dbllawyers.com
*Attorneys for Defendant Atlas North America, LLC*
*And*
*Thyssenkrupp Materials North America, LLC*

        /s/ Duncan G. Byers

Of Counsel
Duncan G. Byers, Esq.
Va. Bar ID #48146
BYERS LAW
1769 Jamestown Road, Suite 120
Williamsburg, VA  23185
Telephone: (757) 317.2779
Facsimile:  (757) 231.3797
[dbyers@dbyerslaw.com](mailto:dbyers@dbyerslaw.com)
*Counsel for plaintiff Melinda Smith*