IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION

MELINDA SMITH,

    Plaintiff,

v.                                                         Civil Action No. 4:23cv95

ATLAS NORTH AMERICA, LLC

and

THYSSENKRUPP AG

    Defendants

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO FILE AMENDED COMPLAINT ADDING DEFENDANT THYSSENKRUPP AG**

Plaintiff Melinda Smith ("Smith"), by and through counsel, files this Memorandum in Support of her Motion to File Amended Complaint pursuant to Fed. R. Civ. P. 15, 21, and the Court's Scheduling Order of June 5, 2024, requiring a Party to file pleadings to add new parties no later than July 8, 2024, and in support of her Motion to File Amended Complaint Adding Defendant Thyssenkrupp AG states as follows:

**I. ARGUMENT**

The Court's Rule 16(b) Scheduling Order requires a party filing any necessary pleadings to add new parties to do so on or before July 8, 2024. ECF 27. Plaintiff, through discovery, learned that in addition to Atlas North America, LLC ("Atlas"), newly-named defendant Thyssenkrupp AG ("Thyssenkrupp") was directly involved in the allegations alleged

in Plaintiff's Complaint (ECF 1), including misappropriation of Plaintiff's trade secrets by and through filing a patent application claiming Plaintiff's trade secrets.

Fed. R. Civ. P. 15(a)(2) has been interpreted "to provide that leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would ... be[ ] futile.' " *Mastin v. Ditech Financial, LLC*, No. 3:17cv368, 2018 WL 524871, at *3 (E.D. Va. Jan. 23, 2018) (quoting *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006)).

There cannot be any prejudice to either the existing defendant, Atlas, as: 1) the amended would not be prejudicial to Atlas (or Thyssenkrupp); 2) there has been no bad faith on behalf of Plaintiff; and 3) the amendment would not be futile. *Mastin v. Ditech Financial, LLC*, No. 3:17cv368, 2018 WL 524871, at *3 (E.D. Va. Jan. 23, 2018) (*quoting Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006).

Both Atlas and Thyssenkrupp were both aware that they were responsible for filing the Patent Application at issue (*See Amended Complaint*, filed as Exhibit 1 to this filing at ¶ 23). Therefore both Atlas and Thyssenkrupp could not be prejudiced by the naming of Thyssenkrupp as a defendant in this matter.

Second, there cannot be any bad faith attributed to Plaintiff in bringing this as both defendants were well aware of their conjoined efforts to steal Plaintiff's trade secrets. Both defendants worked, in conjunction, to hide the theft of the Trade Secret from Plaintiff. *See Amended Complaint*, filed as Exhibit 1 to this filing at ¶ 23-24.

Finally, the amendment would not be futile as Thyssenkrupp is clearly liable for the theft of Plaintiff's trade secrets by taking Plaintiff's trade secrets and using the same for filing the

Patent Application as well as pursuing the Invention in the marketplace. *See Amended Complaint*, filed as Exhibit 1 to this filing at ¶ 23 – 24).

## II. CONCLUSION

As a result, Plaintiff submits that her Motion to File an Amended Complaint adding Thyssenkrupp AG should be granted and Defendants be Ordered to answer the Amended Complaint.

**WHEREFORE**, Plaintiff respectfully requests that the Court permit Plaintiff to file and pursue her Amended Complaint, naming Thyssenkrupp AG, as a defendant and Order Defendants to answer the Amended Complaint.

Dated: July 8, 2024

                                            MELINDA SMITH

                                            By :/s/ Duncan G. Byers
                                            Of Counsel
                                            Duncan G. Byers, Esq.
                                            Va. Bar ID #48146
                                            BYERS LAW
                                            1769 Jamestown Road, Suite 120
                                            Williamsburg, VA  23185
                                            Telephone: (757) 317-2779
                                            Facsimile:  (757) 231-3797
                                            dbyers@dbyerslaw.com
                                            *Counsel for plaintiff Melinda Smith*

## **CERTIFICATE OF SERVICE**

This is to certify that on the 8th day of July, 2024, I filed the foregoing via CM/ECF while will electronically serve notice of the filing on the following counsel of record:

    David Ludwig (VSB #73157)
    David Trinnes (VSB #81027)
    DUNLAP BENNETT & LUDWIG
    211 Church St. SE

Leesburg, Va.  20175
Phone  703.777.7319
Fax     703.777.3656
dludwig@dbllawyers.com
dtrinnes@dbllawyers.com
*Attorneys for Defendant Atlas North America, LLC*

/s/ Duncan G. Byers
Of Counsel
Duncan G. Byers, Esq.
Va. Bar ID #48146
BYERS LAW
1769 Jamestown Road, Suite 120
Williamsburg, VA  23185
Telephone: (757) 317.2779
Facsimile:  (757) 231.3797
dbyers@dbyerslaw.com
*Counsel for plaintiff Melinda Smith*
