IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION

MELINDA SMITH,

      Plaintiff,

v.                                Civil Action No. 4:23cv95

ATLAS NORTH AMERICA, LLC

      Defendant

## PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR JOINDER

Plaintiff Melinda Smith ("Smith"), by and through counsel, files this Reply to Defendant's Opposition to her Motion for Joinder and states as follows:

### I.  SUMMARY

Defendant Atlas North America, LLC filed its Opposition (ECF 38) to Plaintiff's Motion for Joinder (ECF 31) on July 29, 2024.

In its Opposition, Atlas has made numerous arguments that have either already been disposed of by the Court or are arguments that should be disregarded in part because of errors in the factual assertions made by Atlas.

### II.  ARGUMENT

#### A.  The Court Has Personal Jurisdiction Over Thyssenkrupp AG.

Atlas's first argument is that the Court does not have personal jurisdiction over Thyssenkrupp AG.  As a first matter, Smith must take at face value the assertions by Atlas regarding the corporate structure and ownership as described in its Opposition at section II(B)(1)

and (2).  To the extent that there is any veracity to those assertions – that Thyssenkrupp AG did not purchase Atlas and does not conduct business within the Commonwealth – Smith concedes those arguments.

However, the Court still has specific personal jurisdiction over Thyssenkrupp AG in that Thyssenkrupp AG reached into the Commonwealth to obtain and misappropriate Smith's trade secrets and used those misappropriated trade secrets to pursue a U.S. patent application.

First, in support of its arguments in sections II(B)(3) and (4), Atlas argues that "[a]part from its acquisition of an ownership interest in Atlas, Thyssenkrupp AG is not alleged to have taken any actions in support of this alleged misappropriation" and that "there is not evidence or allegation that Thyssenkrupp AG had any role in filing the patent application at issue, " that "Plaintiff has not alleged any facts to show that Thyssenkrupp AG filed the application at all" and that "Thyssenkrupp AG served no role in the filing of the patent application and only received an assignment of the rights to the invention."  All of these assertions are demonstrably wrong based upon Smith's Complaint adding Thyssenkrupp AG but more importantly based upon the documents provided to Smith by Atlas in discovery that Smith relies upon in support of her Complaint.

First, Smith alleges that "the patent application was assigned to Atlas and to Thyssenkrupp and that application, now known to Smith as U.S. Non-Provisional Patent Application No. 16/279,309 (the "'309 Application" or the "Patent Application"), was filed by both Atlas and Thyssenkrupp with 20 claims."  ECF 32-1 at ¶ 23.  And Thyssenkrupp AG, located at ThyssenKrupp Allee 1, Essen, DE (Germany), 45143 is not just an assignee: Thyssenkrupp AG is a named applicant on the patent application as is well known by Atlas

because Atlas is also named as an applicant and Atlas provided the documents in discovery showing the fact of Thyssenkrupp AG's involvement.  *See* US Patent Application No. 16/279,309 Updated Filing Receipt and associated documents, attached as Exhibit 1, at DEF000441, 448-449.

Atlas also argues that Thyssenkrupp AG was not an applicant because the application was filed on its behalf by a patent attorney and that because that patent attorney filed the application electronically from Illinois that it was not filed in the USPTO within the Commonwealth of Virginia and Illinois would be the only jurisdiction in which Thyssenkrupp AG had any contacts, Opposition at section II(B)(4), but provides no support for that conclusion. And while Atlas has provided a Declaration by Sergio Diehl asserting that "The patent application was prepared by Atlas North America, LLC's counsel and filed on behalf of Atlas North America, LLC' and that "Thyssenkrupp AG served no role in the filing of the patent and only received an assignment to the rights of the invention," it is exactly this kind of half-truths and misinformation that stalled Smith's ability to learn that Thyssenkrupp AG actually did, in fact, file for the patent as an applicant.  As noted above, even now, Atlas is making assertions to the Court that, somehow, Thyssenkrupp AG had nothing to do with the patent application when the patent documents themselves clearly show otherwise.  It is also worth noting that the patent application was filed naming Thyssenkrupp AG as an applicant *before* the Assignment (attached as Exhibit 2) was entered into.  This is clear because the Assignment specifically identifies the patent application and filing date.  Exhibit 2, p. 1 (marked DEF000392-93).

Atlas's Opposition is rife with what is at best misleading statements (including the Declaration of Sergio Diehl (ECF 38-4)) in this regard, such as:

- "Even if Thyssenkrupp AT had any involvement in the application process (which it did not). . ."  Opposition, p. 9.

- "[Smith] does not assert any independent conduct by Thyssenkrupp AG . . . other than the conclusory and false allegation of filing the patent application."  Opposition, p. 9, FN 3.

- "The patent subject of this case was prepared and filed by only Atlas."  Opposition, p. 14. "Plaintiff asserts (incorrectly) that Thyssenkrupp AG filed the patent application. . ."  Opposition, p. 14.

- "Thyssenkrupp AG served no role in the filing of the patent and only received an assignment to the rights of the invention."  Declaration of Sergio Diehl, ECF 38-4.

Further adding to the confusion – and without any explanation from Atlas – one Thorsten Isserstedt who identified himself as the "patent guy from ATLAS GmbH in Germany" was also involved in some manner.  *See* email dated February 25, 2019 from Isserstedt to Martin Wilcox stating "I just want to tell you that we have filed your patent application," attached as Exhibit 3 (marked DEF000053 and provided to Smith in Atlas's discovery responses).

Atlas additionally argues that the filing of a single patent application at the USPTO in Virginia is insufficient to provide jurisdiction over Thyssenkrupp AG.  First, that is not the only act alleged by Smith giving the Court jurisdiction over Thyssenkrupp AG.  Thyssenkrupp AG was also involved in the theft of Smith's trade secrets within the Commonwealth, causing them to be incorporated into the patent application filed in its name.  Second, the sole authority that Atlas relies upon for that proposition is *Touchcom, Inc. v. Bereskin & Parr*, No. 1:07cv114 (JCC), 2008 U.S. Dist. LEXIS 112100, at *35 (E.D.Va. Feb. 4, 2008).  That holding – that a

patent attorney's filing of a single patent application at the USPTO was insufficient to give the court personal jurisdiction over the patent attorney in a malpractice case brought in Virginia – was overturned on appeal, with the 4th Circuit finding that although the court did not have jurisdiction under Fed. R. Civ. P. 4(k)(1)(A), it did have personal jurisdiction under Rule 4(k)(2). *Touchcom, Inc. v. Berskin & Parr*, 574 F.3d 1403 (4th Cir. 2009).

Atlas's arguments that this Court does not have jurisdiction over Thyssenkrupp AG are therefore unpersuasive and should be disregarded for at least the reason that none of Atlas's representations can be taken at face value.

### B.  Smith's Claims Against Thyssenkrupp AG Are Not Barred by the Statute of Limitations.

The Court has already analyzed this issue in denying Atlas's first Motion to Dismiss (ECF 10).  The same analysis applies to Smith's ability to properly identify Thyssenkrupp AG as a defendant.  As noted by the Court Smith only became aware of the misappropriation by Atlas on November 2, 2020.  ECF 22 at p. 12.

And the Court noted also that "this calculation of the limitations period does not comport with the plain text of the DTSA, which provides that the limitations period begins on the date the misappropriation is *discovered* or should have been discovered. 18 U.S.C. § 1836(d)."  ECF 22 at p. 12, FN 5.  The Court determined that "[a]t this stage, the Court agrees with Plaintiff that she exercised reasonable diligence and could not have discovered the misappropriation at an earlier date."  ECF 22 at p.12.

The same analysis applies with regards to Thyssenkrupp AG.  As a result of Atlas's ongoing obfuscation and intentional withholding of information from Smith, Smith did not

discover that Thyssenkrupp AG was a co-applicant on the patent application until she received discovery responses from Atlas on July 8, 2024.  Until that date, she could not have known that Thyssenkrupp AG was a co-applicant.  Again, Atlas continues to provide what is charitably incomplete and misleading information even in the face of its own document production.

Moreover, the Court has already resolved the issue of the timeliness of Smith's Motion to add Thyssenkrupp AG and the issue of the statute of limitations.  Smith attempted to obtain the information necessary to determine what other entities were involved in the filing of the patent application by filing a Motion for Expedited Discovery on September 19, 2023.  ECF 14. Atlas opposed the Motion for Expedited Discovery, and the Court denied the Motion stating in part that "Smith asserts that, if Atlas' statute of limitations argument has merit, her deadline for bringing claims against additional parties could be November 2, 2023, which would be three years after Smith discovered that a patent application had been filed without naming her as the inventor." ECF 14 at p. 2.  The Court concluded, however, that a Motion to Dismiss was pending at the time and "[i]f the motion is granted, there will be no need for discovery. If the motion is unsuccessful, Smith may serve discovery regarding the entities involved in filing the patent application and move to amend the complaint at the appropriate time." ECF 14 at p. 4.   It was through that exact discovery process that Smith first identified Thyssenkrupp AG as an applicant, and within the deadlines set by the Court that Smith now seeks to add the other applicant on the patent application – Thyssenkrupp AG.  Because the Court has previously disposed of Atlas's statute of limitations and related arguments (ECF 14 and ECF 22) it should not now revisit those issues.  And to the extent that it does, Smith incorporates by reference

herein her arguments contained within her Opposition to Defendant's Motion to Dismiss (ECF 13).

In sum, if the Court were to now give any credence to Atlas's arguments that run directly counter to the Court's prior rulings in this matter and deny Smith's Motion it would irreparably prejudice Smith.  It would also serve to award Atlas for its intentional stonewalling and misdirection that led to the very delays that it now complains of.

### C. Atlas's Breach of Contract Claim is Baseless and/or Improper and Should be Disregarded

Atlas attempts to piggy-back a Motion to Dismiss in arguing that Smith's breach of contract claim is futile because of a lack of privity.  However, in doing so, counsel for Atlas is either 1) appearing on behalf of Thyssenkrupp AG or 2) is in violation of Rule 11 in that the representations and argument presented by Atlas are directly only at the claim against Thyssenkrupp AG.  *See, e.g., Creekmore v. Food Lion, Inc.*, 797 F.Supp. 505 at 508-9 (E.D.Va. 1992): "Rule 11 does not authorize one party to make representations or file pleadings on behalf of another. Rather, Rule 11 requires that each pleading, motion, or other paper submitted to the court be signed by the party or its attorney of record, if represented."  Because counsel for Atlas is pleading on behalf of Thyssenkrupp AG, the argument should be disregarded.

### III.  CONCLUSION

As a result, Plaintiff submits that her Motion to File an Amended Complaint adding Thyssenkrupp AG should be granted and Defendants be Ordered to answer the Amended Complaint.

**WHEREFORE**, Plaintiff respectfully requests that the Court permit Plaintiff to file and pursue her Amended Complaint, naming Thyssenkrupp AG, as a defendant and Order Defendants to answer the Amended Complaint.

Dated:  August 5, 2024

MELINDA SMITH

By :/s/ Duncan G. Byers
Of Counsel
Duncan G. Byers, Esq.
Va. Bar ID #48146
BYERS LAW
1769 Jamestown Road, Suite 120
Williamsburg, VA  23185
Telephone: (757) 317-2779
Facsimile:  (757) 231-3797
dbyers@dbyerslaw.com
*Counsel for plaintiff Melinda Smith*

## CERTIFICATE OF SERVICE

This is to certify that on the 5th day of August, 2024, I filed the foregoing via CM/ECF while will electronically serve notice of the filing on the following counsel of record:

David Ludwig (VSB #73157)
David Trinnes (VSB #81027)
DUNLAP BENNETT & LUDWIG
211 Church St. SE
Leesburg, Va.  20175
Phone  703.777.7319
Fax     703.777.3656
dludwig@dbllawyers.com
dtrinnes@dbllawyers.com
*Attorneys for Defendant Atlas North America, LLC*

/s/ Duncan G. Byers

8

Of Counsel
Duncan G. Byers, Esq.
Va. Bar ID #48146
BYERS LAW
1769 Jamestown Road, Suite 120
Williamsburg, VA  23185
Telephone: (757) 317.2779
Facsimile:  (757) 231.3797
dbyers@dbyerslaw.com
*Counsel for plaintiff Melinda Smith*