IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION

MELINDA SMITH,

    Plaintiff,

v.                                                                                          Civil Action No. 4:23cv95

ATLAS NORTH AMERICA, LLC

and

THYSSENKRUPPAG

    Defendants.

# PLAINTIFF'S MOTION FOR THE COURT TO FIND THAT THYSSENKRUPPAG HAS BEEN SERVED PROCESS; OR, IN THE ALTERNATIVE, TO ORDER THAT COUNSEL FOR DEFENDANTS ATLAS OR THYSSENKRUPP ACCEPT SERVICE AND AN EXTENSION OF TIME TO SERVE PROCESS

COMES NOW Plaintiff Melinda Smith ("Smith"), by and through counsel and provides this, her Motion for the Court to find that Defendant ThyssenkruppAG ("Thyssenkrupp") has been served in accordance with state and federal law and procedure with the Amended Complaint [ECF 43] or, in the Alternative, to Order counsel for Atlas and/or Thyssenkrupp to accept service of process by means to be determined by the Court and for an Extension of Time to Serve that Process, and in support thereof state as follows:

    **I.**    **BACKGROUND**

Plaintiff was granted leave to file an Amended Complaint naming Thyssenkrupp as an additional defendant on Jan. 16, 2025 [ECF 42]. The Amended Complaint was filed on Jan. 23. 2025, and in the time since Plaintiff has made numerous efforts to serve process on

Thyssenkrupp while avoiding the delay and expense of serving Thyssenkrupp through the Hague Service Convention (20 U.S.T 361) because 1) the process of serving Thyssenkrupp in Germany (where it is located) is time- and cost-prohibitive, requiring $3,500.00 - $4,500.00 in fees and translation costs, as well as taking up to six months or more, unnecessarily significantly increasing the costs of service and delay of the case, and 2) because it is clear that Thyssenkrupp has been provided with notice sufficient to constitute service of process under both state and federal law and procedure and Thyssenkrupp being represented by counsel.  In addition, counsel for defendant Atlas has made it clear through its actions that it represents the interests of Thyssenkrupp and is therefore presumed to serve as agent of process for service on Thyssenkrupp.

Further, Thyssenkrupp itself as well as its legal representatives here in the U.S. have taken all measures they can to avoid service, thereby failing as counsel and officers of this and other jurisdictions and Federal Courts to comply with their duties to reduce the costs and expense, time, and manner of service.  Finally, it is clear as described below that, despite the arguments by counsel for Atlas that is it not representing Thyssenkrupp, counsel for Atlas is clearly representing the interests of Thyssenkrupp, has appeared before the Court on behalf of Thyssenkrupp and therefore it is proper for counsel for Atlas be adjudged to accept, and have accepted, service of process on behalf of Thyssenkrupp.

The Court should hold that counsel for Atlas is therefore proper representatives for Thyssenkrupp for service of process and that, as a matter of law, Thyssenkrupp has either 1) already been properly served through counsel for Atlas because counsel for Atlas is also counsel for Thyssenkrupp or 2) actual notice sufficient under Virginia Law. In addition, Thyssenkrupp

has U.S counsel in Florida (Ms. Rachel Morris) who has already appeared in front of the Court on behalf of Thyssenkrupp.[1]

Plaintiff is seeking to have the Court Order that counsel for Atlas and/or Ms. Rachel Morris, Esq., counsel for Thyssenkrupp in the U.S. be found to have to accepted service on behalf of Thyssenkrupp or find that Thyssenkrupp has already been properly served with adequate notice sufficient for service in accordance with Federal and State Laws as well as the Federal and State Rules of Procedure.  In the alternative, Plaintiff seeks an extension of time to serve Thyssenkrupp through the Hague Convention.

## II. FACTS AND ARGUMENT

### A. Summary

This case for violations of the Defend Trade Secrets Act was first brought on the basis of Defendants having taken Plaintiff's invention and secretively filing a patent application without her listed as an inventor and refusing to provide her with any information about or documents related to that patent application. When the Complaint was filed, Plaintiff named the Thyssenkrupp Materials, N.A. subsidiary as a defendant.  That subsidiary, Thyssenkrupp Materials N.A., was represented by counsel for Atlas, but was misnamed by Plaintiff.  Atlas filed a Motion to Dismiss and Memorandum in Support [ECF 10, 11].  In light of the misnaming of

---

[1] Although a settlement conference did not take place as Plaintiff was in the process of moving to add ThysssenkruppAG as a party, Ms. Morris took part in a telephone conference settlement scheduling discussions with the Magistrate Judge with regards to settlement conferences, and was identified as a representative of ThyssenkruppAG by counsel for Atlas for the purposes of attending the judicial settlement conference.  Her own LinkedIn profile identifies her as "Senior Counsel, Employment and Litigation at Thyssenkrupp" and the Florida Bar shows both her mailing and email addresses at Thyssenkrupp, and her firm position as "Corporate Counsel." See https://www.linkedin.com/in/rachel-morris-351b8780/  and Ex.1.

the incorrect Thyssenkrupp subsidiary, Plaintiff filed a Motion to Dismiss the subsidiary and for Expedited Discovery [ECF 14].

The request for expedited discovery was brought in light of Atlas's continued refusal to provide copies of the patent application documents so that Plaintiff could obtain the information necessary to name the correct Thyssenkrupp entity.[2]  The Court denied the request for expedited discovery [ECF 20], the subsidiary was dismissed [ECF 21], and the case moved forward in the usual manner and a Rule 16(b) Scheduling Order was entered on June 5, 2024, [ECF 27], although those dates have since been modified [ECF 41].  A settlement conference was also set for July 10, 2024 with Magistrate Judge Krask although due to Plaintiff's pending Motion to Amend to add Thyssenkrupp as a party the settlement conference has been delayed.

At that point, Atlas and Thyssenkrupp by and through counsel for Atlas actively began to take steps to withhold information and provide arguments and documents that at best were misleading with regards to the role Thyssenkrupp played in taking Plaintiff's invention and pursuing a patent based upon her disclosures.  Counsel for Atlas also, through further interactions with both counsel for Plaintiff and the Court that included pleadings filed and representations made to the Court, has made it is clear that counsel for Atlas has also been acting as counsel for Thyssenkrupp both with respect to interactions with Plaintiff as well as with the Court but making every attempt to obscure that fact.[3]

---

[2]  Throughout her interactions with Atlas, Plaintiff was continually informed that "Thyssenkrupp" was handling the application, but she was never informed which Thyssenkrupp entity was the correct one that was having the application prepared and filed.  *See* Complaint, DE 1, ¶¶s 19 - 24, 28, Exhs. 3 and 4.

[3]  As noted below Plaintiff is not, at this time, seeking relief from the Court in the form of sanctions other than attorneys' fees related this Motion and the prosecution thereof, but is providing the facts herein in support of it Motion and Plaintiff reserves the right in future to seek further relief from the Court based upon the Court's decisions regarding this Motion.

As noted above and further described in detail below, Thyssenkrupp also has U.S. counsel who has already appeared in the matter.

B.    **Plaintiff's Attempts at Service of Process**

Plaintiff discovered that, although Atlas had represented that Thyssenkrupp has no physical presence or registered agent within the United States, Thyssenkrupp has U.S. trademark registrations that identified ThyssenkruppAG as the owner of the Marks with a business address at 208 Golden Oak Court, Suite 415, Virginia Beach, Va.  *See* Change of Address or Representation Forms for those two trademark registrations attached as Exhibit 2.  Plaintiff therefore had a summons issued on February 7, 2025, to ThyssenkruppAG at that address [ECF 47].

And because Thyssenkrupp conducts business in the Commonwealth but is not registered with the State Corporation Commission, Plaintiff attempted service through the Clerk of the State Corporation Commission as Statutory Agent under Va. Code §§ 12.1-19.1 and 13.1-637 B. Service was had on the Clerk of the State Corporation Commission on February 27, 2025. Exh. 3. Counsel for Plaintiff was informed however by the SCC that it could not obtain service on Thyssenkrupp.  Service was also attempted several times at the Virginia Beach address, but once the process server was able to speak directly with a Mr. Stephen Cupka at that location, the process server was told that Thyssenkrupp was not in that location. Exh. 4. Thyssenkrupp, apparently in view of the Summons issued with its Virginia Beach address, changed the address for the trademark registrations on February 20, 2025 to its address in Germany.  In light of the failure to obtain service in either manner, counsel for Plaintiff sent a Waiver of the Service of Summons under Fed. R. Civ. P. 4(d) to Rachel Morris, Esq., in-house counsel for Thyssenkrupp

(Exh. 5), but Mr. Morris never responded although counsel for Atlas did as further described below.

      C.      **Atlas' and Thyssenkrupps' Attempts to Obscure Both Thyssenkrupp's Ties to the Case and the Representation of Thyssenkrupp by Counsel for Atlas**

On June 18, 2024 Atlas provided its Initial Disclosures to Plaintiff under Fed. R. Civ. P. 26(a). In those Disclosures, Atlas failed to provide any information tying Thyssenkrupp to the claims by Plaintiff as required under Rule 26. For its Rule 26(a)(1)(A)(i) disclosures, Atlas did not identify any person having knowledge of the claims that are/were officers, employees, or other individuals related in any manner to Thyssenkrupp. *See* Atlas's Initial Disclosures, attached as Exhibit 6. For its Rule 26(a)(1)(A)(ii) disclosures (a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment) Atlas failed to disclose any documents between Atlas and Thyssenkrupp, and specifically stated in item 8 that it had documents that were "Communications concerning *Atlas's decision not to pursue a patent subject of this litigation*." Exh. 6, p. 4 (emphasis added).

As the Court is now aware, Thyssenkrupp was, in fact, directly involved in the preparation and filing of the patent application that is at the core of Plaintiff's claim and is in fact the applicant. *See* Plaintiff's Motion for Leave to File Amended Complaint and Memorandum in Support [ECF 31, 32]. In its Opposition [ECF 38], Atlas erroneously represented to the Court in its opening paragraph to the Court that "Thyssenkrupp simply has no connection with the allegations in this case," and that "the Court has already ruled that the purported claims against Thyssenkrupp are time barred." ECF 38, p. 1. Both of those assertions are untrue.

Atlas also provided a Declaration of Sergio Diehl [ECF 38-4] which asserted that:

"8. On February 19, 2019, Atlas North America, LLC filed a non-provisional patent application titled "Overboard Detection and Tracking System" which was assigned number 16/279,309.

9. The patent application was prepared by Atlas North America, LLC's counsel and filed on behalf of Atlas North America, LLC.

10. Thyssenkrupp served no role in the filing of the patent and only received an assignment to the rights of the invention.

I declare under penalty of perjury that the foregoing is true and correct."  ECF 38-4, p. 3.

Each of those paragraphs could be possibly characterized as a misunderstanding or lack of knowledge as to the underlying facts as well as the documents Plaintiff received in discovery and utilized in support of its Motion for Joinder.  However, Atlas presented that Declaration as proof that Thyssenkrupp had nothing to do with the patent application underlying the case.

Counsel for Atlas further represented that the assertion that "Thyssenkrupp [AG] is not subject to specific personal jurisdiction [because] . . . [Thyssenkrupp] used those misappropriated trade secrets to file a patent application in the United States Patent and Trademark Office located in Alexandria, Virginia." [ECF 38, p. 8].  This argument is specious; there is clear and unambiguous evidence before the Court that Thyssenkrupp had a direct role in filing the patent application at issue.  The documents in Atlas's own possession show, clearly, that the patent application was filed in the name of Thyssenkrupp.

And while Plaintiff argued in its response that counsel for Atlas violated Rule 11 by arguing on behalf of Thyssenkrupp [ECF 39, p. 7], and the Court agreed [ECF 42, p. 11], based upon representations made to Plaintiff by counsel for Atlas it is now clear that counsel for Atlas

7

in fact has been representing Thyssenkrupp since at least the filing of its Opposition [ECF 38] to Plaintiff's Motion to add Thyssenkrupp [ECF 31].

A review of the Opposition [ECF 38] clearly shows that the entirety of the document is an argument on behalf of Thyssenkrupp. The arguments are: a challenge to the Court having personal jurisdiction over Thyssenkrupp; argument that the claims against Thyssenkrupp are barred by the statute of limitations; and that there is no privity of contract between Plaintiff and Thyssenkrupp. Not a single one of those are supported by facts or allegations that Atlas has any legal jeopardy or remedy such that it had any standing make those arguments to the Court. The summary of each argument are is as follows:

1. "Plaintiff has not alleged any actual facts supporting the plausible exercise of personal jurisdiction against Thyssenkrupp AG in this case." [ECF 38, p.6];

2. " The allegation that Thyssenkrupp AG conducts business in the Commonwealth is simply false." [ECF 38, p. 7]

3. "Thyssenkrupp AG is not alleged to have taken any actions whatsoever in support of this alleged misappropriation." [ECF 38, p. 8];

4. "Thyssenkrupp AG did not have any—let alone sufficient minimum—contacts with the Commonwealth of Virginia such that the maintenance of Plaintiff's suit does not offend the "traditional notions of fair play and substantial justice," as required to exercise specific personal jurisdiction." [ECF 38, p. 9];

5. ". . . [Plaintiff's] claim is not timely because it has been filed beyond the required three-year statute of limitations period. . . " as against Thyssenkrupp [ECF 38, p.10];

6. ". . . the court should deny Plaintiff's motion because her DTSA claim is futile for being time-barred against Thyssenkrupp AG." [ECF 38, p. 12];

7. "Plaintiff's explanation of waiting over three years to seek to add an additional party does not qualify as a "mistake" to permit relation back under Rule 15(c). Additionally, the rights of Thyssenkrupp AG would be seriously prejudiced by allowing the amendment for the reasons discussed above in § II(B) because it is not a proper party, and the Court does not have personal jurisdiction over it." [ECF 38, p. 15];

8. ". . . the court should deny Plaintiff's motion because her Virginia Uniform Trade Secrets Act claim is futile for being time-barred against Thyssenkrupp AG." [ECF 38, p. 16];

9. ". . . the Court should deny Plaintiff's motion because her claim is futile for being time-barred against Thyssenkrupp AG." [ECF 38, p. 16];

10. ". . . the Court should deny Plaintiff's motion as futile because there is no privity of contract between her and Thyssenkrupp AG." [ECF 38, p. 18];

11. "The totality of Plaintiff's actions by waiting to conduct discovery, not providing any discovery responses, and the last-minute timing of filing of her motions evidence bad faith and undue delay. Accordingly, it appears that Plaintiff is seeking to add Thyssenkrupp AG as a party to this case solely to inflate her settlement value of this case." [ECF 38, pgs. 19-20].

Atlas concludes its arguments by stating that "[f]or the reasons set forth above, Defendant respectfully request that the Court deny Plaintiff's motion seeking leave to add Thyssenkrupp AG as a Defendant." There is not a single argument that Atlas made that demonstrates that Atlas has any legal exposure by the addition of Thyssenkrupp. All of the relief sought is clearly on behalf of Thyssenkrupp, and the only argument as to prejudice to any party is that Thyssenkrupp would be prejudiced. It is therefore at best disingenuous for counsel for Atlas to make these arguments while still trying to maintain the façade that it does not represent Thyssenkrupp.

In addition to the arguments made by counsel for Atlas on behalf of Thyssenkrupp it is abundantly clear through representations - and demands - made by counsel for Atlas on behalf of Thyssenkrupp that despite an attempt by counsel for Atlas to deny that they also represent Thyssenkrupp, counsel for Atlas does in fact represent Thyssenkrupp. After Plaintiff emailed and mailed the Waiver of Service to Ms. Morris for Thyssenkrupp, counsel for Plaintiff received a letter dated March 19, 2025 from Mr. Ludwig regarding the communication with Ms. Morris. Exh.7. While stating partway through the letter that "[a]lthough I do not represent ThyssenkruppAG," Mr. Ludwig made the following legal and factual assertions on behalf of Thyssenkrupp in the letter as follows:

    1.    The factual statement on behalf of Thyssenkrupp that "[p]lease note that the address listed on  Please note that the address listed on the amended complaint for ThyssenkruppAG is not a correct address. The company has no offices in the United States. (I believe there was a clerical error on one of their trademark applications, which may be where you found that address, but I am told that that error has since been corrected.)" (this affirmative statement was made before Mr. Ludwig attempted to disavow any representation of Thyssenkrupp);

    2.    The legal position of Thyssenkrupp that ". . . I have been authorized by [Thyssenkrupp] to tell you that Ms. Morris is not authorized to accept service on behalf of that company, and she is clearly not a proper recipient of that paperwork under FRCP 4(d)(( 1 )(A)(ii) (requiring that the papers be sent to "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process").

    3.    The position of Thyssenkrupp with regards to service of process, waiver, and applicable law and procedure that "I have also been authorized by ThyssenkruppAG to inform

you that the company will not agree to any waiver of service if or when the papers are properly delivered to an appropriate agent of the company."; and

    4.    Asserting on behalf of Thyssenkrupp that any damages awarded could not be recovered from Thyssenkrupp by stating that "[i]t is also worth noting that recovery of costs from a company with no US presence or US assets will likely be challenging for your client."

It is clear from the letter that, despite Mr. Ludwig's denial, Thyssenkrupp authorized and relied upon him to make material representations on its behalf in the context of this litigation and discussions with counsel for Plaintiff, and Mr. Ludwig agreed to represent Thyssenkrupp's legal and factual positions to counsel for Plaintiff. *See, e.g., Singer Sewing Machine Co. v. Ferrell*, 144 Va. 395, 132 S.E. 312, 314–15 (1926) where the Supreme Court of Virginia held that the act of the attorney negotiating in the presence of the plaintiff and defendant, and the plaintiff assenting to a document, was sufficient to establish apparent authority to settle a case. "Apparent authority results from a principal's manifestation to a third party, regardless of the actual understanding between the principal and agent." *Auvil v. Grafton Homes, Inc.*, 92 F.3d 226, 230 (4th Cir. 1996) (internal citations omitted).

It simply defies the law, ethical rules, logic and common sense that Mr. Ludwig was "authorized" by Thyssenkrupp to represent its legal and factual positions but that Thyssenkrupp is not his client. His denial does not serve to negate the existence of an attorney-client relationship. *See, e.g., Lawyer Disciplinary Board v. Stanton*, 233 W.Va 639, 646, 760 S.E.2d 453, 460 (2014) (upholding the recommended disposition by the W.Va. Lawyer Disciplinary Board that included a finding that the lawyer was in an attorney-client relationship despite his denials of that relationship). And the attorney-client relationship is formed once a lay party provides confidential information to an attorney even if there is no formal engagement.

*Westinghouse Elec. Corp. v. Kerr-McGee Corp.*, 580 F.2d 1311 (7th Cir. 1978) (answering in the affirmative the legal question "[d]oes an attorney-client relationship arise[s] . . . when a lay party submits confidential information to a lawyer with reasonable belief that the lawyer is acting as their attorney?"). Clearly in this case Thyssenkrupp not only provided confidential information to Mr. Ludwig (likely through Ms. Morris), but also expected and directed Mr. Ludwig to convey that information to counsel for Plaintiff. Mr. Ludwig's letter clearly states that Thyssenkrupp "authorized" him to assert the legal and factual positions contained in his March 19, 2025 letter on its behalf.[4]

Because Mr. Ludwig is in an attorney-client relationship with Thyssenkrupp, and received the Amended Complaint filed on January 23, 2025 along with the later-issued Summons to Thyssenkrupp, Thyssenkrupp has clearly been served or, at a minimum, is under notice consistent with Virginia law.

Va. Code § 8.01-314 provides that "[w]hen an attorney authorized to practice law in this Commonwealth has entered a general appearance for any party, any process, order or other legal papers to be used in the proceeding may be served on such attorney of record. Such service shall have the same effect as if service had been made upon such party personally...." And Va. Code § 8.01-288 states that "process which has reached the person to whom it is directed within the time prescribed by law, if any, shall be sufficient although not served or accepted" in the manner provided for by Virginia law. § 8.01-288 therefore cures defects in the manner in which process is served, so long as the defendant has received process. *See, e.g., Lifestar Response of Md., Inc. v. Vegosen*, 267 Va. 720, 725 (2004); *Cumberlander v. KCL Site Servs.,*

---

[4] And as noted herein Ms. Morris has never communicated with counsel for Plaintiff and so any and all information, arguments, or statements of fact made on behalf of Thyssenkrupp have been by Mr. Ludwig and others at his firm.

*LLC.*, 2009 WL 4927144, at *5 (E.D. Va. Dec. 17, 2009); *In re Motorsports Merchandise Antitrust Litig.*, 186 F.R.D. 344, 349 (W.D. Va. 1999).

Therefore, with regard to counsel at Dunlap Bennett & Ludwig, it is clear that since those attorneys have, as demonstrated above, appeared on behalf of Thyssenkrupp, continued to represent Thyssenkrupp's interests as is shown in both the March 19 letter and subsequent email correspondence attempting to 1) improperly interfere with Plaintiff's ability to communicate with in-house counsel for Thyssenkrupp and 2) represent - again, on behalf of Thyssenkrupp - that Ms. Morris was not authorized to accept service on Thyssenkrupp.  Furthermore, Ms. Morris has never responded to Plaintiff except by and through counsel for Atlas, and regardless of whether or not Ms. Morris is also acting as in-house counsel for Atlas, she is in-house counsel for Thyssenkrupp and presumably is responsible for directing Mr. Ludwig to convey Thyssenkrupp's legal and factual positions.  Because it is clear that Mr. Ludwig and the firm of Dunlap Bennett & Ludwig represent Thyssenkrupp, and received copies of both the Amended Complaint adding Thyssenkrupp [ECF 43] as well as the Summons issued as to Thyssenkrupp AG [ECF 47], Thyssenkrupp has been served in compliance with compliance with both federal and state law. And, in fact, is in default having failed to respond to the Complaint within 21 days.

It is also clear that Thyssenkrupp has notice through its U.S.- based counsel Rachel Morris.  Not only did Ms. Morris appear on behalf of Thyssenkrupp in the judicial settlement conference process - clearly indicating that she was informed about the case and had the pleadings - but she was also provided with Waiver of Service under Fed. R. Civ. P. 4(d).  Exh. 5. Because Ms. Morris an appearance on behalf of Thyssenkrupp, any service on Thyssenkrupp going forward from the date of the conference call with the Magistrate Judge can be made through her.  If it is now going to be Thyssenkrupp's position that throughout all of the above

that Ms. Morris never received copies of the pleadings in any manner and didn't get them even when provided with the Waiver, the Court should require a statement, under oath, from Ms. Morris to that effect that also includes a statement identifying exactly what relationship she has with Atlas and if she is, in fact, in-house counsel for both Atlas and Thyssenkrupp as asserted by Mr. Ludwig (see below).

In Mr. Ludwig's letter of March 19, 2025 where he made representations on behalf of Thyssenkrupp, his final sentence states "[f]inally, I ask that you make no further efforts to communicate directly with representatives of my client, as doing so is contrary to the applicable rules of professional conduct." Exh. 7. But nowhere in that letter does he indicate who it is that he is speaking about. And the only information ever provided to Plaintiff about Ms. Morris was that, in regard to the settlement conference in its settlement position statement Mr. Ludwig stated that "Rachel Morris will be attending remotely as the representative." [*sic*]. Representative of *what* or *who* is not stated and given the pattern of facts above and the following facts, it seems that the omission of who she would be attending on behalf of was probably not an error.

In order to attempt actual service under applicable Virgina and Florida law and the Federal Rules, Plaintiff intended to provide a copy of the Summons and Amended Complaint to Ms. Morris simultaneously with filing this pleading. In an abundance of caution however the undersigned emailed Mr. Ludwig to get clarification of exactly who he was referring to in order make sure that there was no communication with someone protected from communication from opposing counsel. *See* email attached as Exhibit 8. In his email response Mr. Ludwig seems to assert that the undersigned cannot communicate with Ms. Morris as in-house counsel for Thyssenkrupp under the assertion that she is ". . . acting as in-house counsel for Atlas North America. Which you well know because she was supposed to attend the settlement conference

14

in this matter on behalf of Atlas. . ." *Id*. This is the first time that Mr. Ludwig made the assertion that Ms. Morris is "acting as in-house counsel for Atlas" or that counsel for Plaintiff cannot communicate directly with her. Which as discussed below is absolutely incorrect; counsel for Plaintiff can communicate directly with Ms. Morris in both capacities if she is in fact acting as in-house counsel for Atlas.

In addition to that assertion being one more act showing the intent of Atlas to interfere with Plaintiff's ability to serve process on Thyssenkrupp and delay and deliberately multiply the proceedings necessary for her to prosecute her case, it is also clearly an argument that was made with no attempt to determine if counsel for Atlas could preclude the undersigned from communicating with Ms. Morris as in-house counsel for Thyssenkrupp. Ms. Morris's relationship with Atlas is irrelevant to the fact that she serves as in-house counsel for Thyssenkrupp. The only way that counsel for Atlas could even make that argument on behalf of Thyssenkrupp is for counsel for Atlas to actually be counsel for Thyssenkrupp. Which as noted above is clear despite the protestations by counsel for Atlas otherwise as evidenced, yet again, by the email statement by Mr. Ludwig.

And the assertion that Ms. Morris could not be contacted directly was clearly made with no attempt to determine if there is authority for it even if she is in fact "acting as in-house counsel for Atlas." That assertion is directly contradicts Va. Legal Ethics Opinion 1890 "Communications with Represented Persons (Compendium Opinion)" (Approved by the Virginia Supreme Court January 6, 2021 and attached as Exhibit 9) which states specifically in the preamble of and supported in the discussion in Paragraph 9 that ". . . *the Fact that an Organization has Outside Counsel in a Particular Matter Does Not Prohibit Another Lawyer from Communicating Directly with In-House Counsel for the Organization*."

15

This is yet another indication that Atlas - and Thyssenkrupp by and through Dunlap Bennett & Ludwig - are doing anything they can think of whether supported by authority or not to intentionally delay and complicate the proceedings in this case specifically with regards to Thyssenkrupp, as well as flaunting the responsibility to make arguments based upon a good faith basis in fact and law. This is in addition to Thyssenkrupp making every attempt to avoid acknowledging that it has, in fact, been under sufficient notice to be deemed to have been served process.

In conclusion, it is clear that ethically and legally Dunlap Bennett & Ludwig is and has been acting as counsel for Thyssenkrupp. Mr. Ludwig and his co-counsel have made an appearance on behalf of Thyssenkrupp while attempting to obscure that fact by styling the Opposition to Plaintiff's Motion to Amend as only on behalf of Atlas even though, as noted above, every single argument was made on behalf of and in the legal interest of Thyssenkrupp. And even if the positions argued in that Opposition could be taken as being made on behalf of Atlas, Mr. Ludwig's communications and assertions on behalf of Thyssenkrupp are enough to show clearly that his firm is providing legal services to Thyssenkrupp. As a result, because Mr. Ludwig was served with the Amended Complaint, Thyssenkrupp was served and is now in default. It is also clear that Ms. Morris is in receipt of the Amended Complaint, and if for no other reason than the application of Va. Code § 8.01-288.

Finally, it is also clear that all of this activity and attempts to hide Thyssenkrupp behind disavowals of any representation by Dunlap Bennett & Ludwig, refusal of both Mr. Ludwig and Ms. Morris to accept formal service, and the assertion that Ms. Morris is somehow shielded from being contacted by counsel for Plaintiff are all aimed at intentional delay, multiplying the

proceedings, and forcing Plaintiff to use the costly and time-consuming process under the Hague Convention.

**REQUEST FOR RELIEF**

Under the circumstances, Plaintiff respectfully requests that the Court find that:

1. Counsel for Atlas is, as a matter of law and fact, acting on behalf of ThyssenkruppAG;

2. By and through delivery of pleadings provided to and sent to counsel for ThyssenkruppAG, ThyssenkruppAG should be found to have been provided proper and sufficient service of process;

3. Service of Process on counsel for Atlas, North America in this case constitutes service of process on ThyssenkruppAG;

4. ThyssenkruppAG has made an appearance before the Court by and through at least the filing of the Opposition to Plaintiff's Motion to Amend;

4. Under the Court's inherent authority award attorneys fees to Plaintiff for the efforts to serve Thyssenkrupp that were intentionally thwarted by Defendants and for the time necessary to prepare and file this Motion as well any other Pleadings related to this Motion and time spent preparing and appearing for oral argument, if ordered by the Court;

4. In the alternative, if the Court orders that Plaintiff serve process by another method without going through the Hague Convention, that the Court extend the time period for Plaintiff to obtain service;

5. If the Court rules that Thyssenkrupp must be served under the Hague Convention that Defendants pay for the costs of using that process; and

6. Any other relief that the Court may deem proper.

Dated: April 24, 2025

        MELINDA SMITH

        By :/s/ Duncan G. Byers
        Of Counsel
        Duncan G. Byers, Esq.
        Va. Bar ID #48146
        BYERS LAW
        1769 Jamestown Road, Suite 120
        Williamsburg, VA  23185
        Telephone: (757) 317-2779
        Facsimile:  (757) 231-3797
        dbyers@dbyerslaw.com
        *Counsel for plaintiff Melinda Smith*

### **CERTIFICATE OF SERVICE**

This is to certify that on the 24th day of April 2025, I filed the foregoing via CM/ECF while will electronically serve notice of the filing on the following counsel of record:

David Ludwig (VSB #73157)
David Trinnes (VSB #81027)
DUNLAP BENNETT & LUDWIG
211 Church St. SE
Leesburg, Va.  20175
Phone   703.777.7319
Fax       703.777.3656
dludwig@dbllawyers.com
dtrinnes@dbllawyers.com
*Attorneys for Defendant Atlas North America, LLC*

        /s/ Duncan G. Byers
        Of Counsel
        Duncan G. Byers, Esq.
        Va. Bar ID #48146
        BYERS LAW
        1769 Jamestown Road, Suite 120
        Williamsburg, VA  23185
        Telephone: (757) 317.2779
        Facsimile:  (757) 231.3797
        dbyers@dbyerslaw.com
        *Counsel for plaintiff Melinda Smith*