# Dunlap Bennett & Ludwig
### 211 Church Street, SE
### Leesburg, VA 20175
### Tel: 703-777-7319 Fax: 703-777-3656

# Fax

**To:** Duncan Byers

**Fax:** 757-231-3797

**Organization:** BYERS LAW

**Subject:** Reply to re Service

**From:** Dunlap Bennett & Ludwig

**Date:** Mar 19, 2025 03:15 PM

Good afternoon,

On behalf of David Ludwig, please see the attached. You will receive a physical copy via first-class mail.

Confidentiality Warning: This message is intended only for the use of the individual or entity to which it is addressed, and may contain information which is privileged, confidential, proprietary or exempt from disclosure under applicable law. If you are not the intended recipient or the person responsible for delivering the message to the intended recipient, you are strictly prohibited from disclosing, distributing, copying or in any way using this message. If you have received this communication in error, please notify the sender, and destroy and delete any copies you may have received.



211 Church Street SE
Leesburg, VA 20175
Phone: (703) 777-7319
Fax: (855) 226-8791
www.dbllawyers.com

March 19, 2025

**VIA FIRST CLASS MAIL AND FACSIMILE**
Duncan G. Byers, Esq.
BYERS LAW
1769 Jamestown Road, Suite 120
Williamsburg, VA 23185
Facsimile: (757) 231.3797

  Re: Smith v. Atlas, US Dist. Ct. EDVa, Case No. 4:23cv95

Mr. Byers,

  I am writing in response to your March 11, 2025 email regarding service in the above-referenced case. Please note that the address listed on the amended complaint for ThyssenkruppAG is not a correct address. The company has no offices in the United States. (I believe there was a clerical error on one of their trademark applications, which may be where you found that address, but I am told that that error has since been corrected.)

  In addition, you have sent service waiver paperwork via your March 11th email below and also by mail to Ms. Rachel Morris. Although I do not represent ThyssenkruppAG, I have been authorized by that company to tell you that Ms. Morris is not authorized to accept service on behalf of that company, and she is clearly not a proper recipient of that paperwork under FRCP 4(d)((1)(A)(ii) (requiring that the papers be sent to "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process"). I have also been authorized by ThyssenkruppAG to inform you that the company will not agree to any waiver of service if or when the papers are properly delivered to an appropriate agent of the company. It is also worth noting that recovery of costs from a company with no US presence or US assets will likely be challenging for your client.

  Candidly, ThyssenkruppAG has no role in this case, and this entire exercise is a blatant attempt to bring in "deeper pockets" in hopes of increasing your client's settlement position. My client, Atlas, remains open to revisiting a reasonable settlement discussion, but that would require your client to abandon her pie-in-the-sky demands (which you have been unable to substantiate in any way) and approach the conversation in a manner that is consistent with the facts of this case and the controlling law.

  Finally, I ask that you make no further efforts to communicate directly with representatives of my client, as doing so is contrary to the applicable rules of professional conduct.

              Very truly yours,
              /s/
              David Ludwig