UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(NEWPORT NEWS DIVISION)

| | |
|---|---|
| MELINDA SMITH, <br><br> Plaintiff, <br><br> v. <br><br> ATLAS NORTH AMERICA, LLC, <br><br> and <br><br> THYSSENKRUPP AG <br><br> Defendants. | Case No. 4:23-cv-00095-AWA-LRL |

**DEFENDANT ATLAS NORTH AMERICA, LLC'S MEMORANDUM IN SUPPORT OF
<u>ITS MOTION FOR SANCTIONS</u>**

Defendant Atlas North America, LLC ("Atlas") by and through undersigned counsel, files its memorandum in support of its Motion for Sanctions. In support thereof, Defendant states as follows:

**I.     INTRODUCTION**

In an outrageous attempt to avoid incurring the costs and time necessary to properly serve international Defendant Thyssenkrupp AG ('Tk-AG") through the Hague Service Convention, Plaintiff has resorted to filing a frivolous motion filled with blatant lies and egregious misapplications of the law requesting for this court to find that Tk-AG has been served through the attorneys for co-defendant Atlas and/or has been provided with notice sufficient to constitute service of process. This motion has only been filed to harass, cause unnecessary delay and/or needlessly increase the cost of litigation. It is also not supported by existing law and/or evidentiary support. The entirety of Plaintiff and her counsel's conduct has unreasonably and vexatiously multiplied the proceedings in this case. As a result, this court should impose

sanctions awarding attorney's fees and dismiss Thyssenkrupp AG as a defendant due to a failure to prosecute.

## II. BACKGROUND

On January 16, 2025, this Court issued an order granting Plaintiff leave to file an amended complaint allowing it to add Thyssenskrupp AG ('Tk-AG") as an additional defendant (ECF # 42). On January 23, 2025 Plaintiff filed her amended complaint (ECF # 43). It specifically states that "Defendant Thyssenkrupp AG is a foreign company with its principal place of business located at Thyssenkrupp Allee 1, Essen, Germany 45143." *Id*. at ¶ 4. On February 5, 2025 Counsel for Atlas advised Counsel for Plaintiff that it cannot accept service on behalf of Thyssenkrupp AG (see Ex. 1). On February 6, 2025 Plaintiff filed two proposed summonses for Tk-AG (ECF # 44-45). The summonses were issued on February 7, 2025 (ECF # 47). On February 27, 2025 Plaintiff attempted service on Tk-AG through the Clerk of Virginia's State Corporation Commission (ECF # 48-3) however "Counsel for Plaintiff was informed…by the SCC that it could not obtain service on Thyssenkrupp." (ECF # 48 at 5). Through approximately March 3, 2025 Plaintiff also attempted service on what she believed was a business address of Tk-AG (ECF # 48-4), however "the process server was told that Thyssenkrupp was not in that location…" (ECF # 48 at 5).

On March 11, 2025, Counsel for Plaintiff sent an email and letter to Rachel Morris, acting in-house counsel for Atlas, requesting waiver of service on behalf of Tk-AG (ECF # 48-5). The email to Ms. Morris (which was conveniently omitted from Plaintiff's motion) specifically cites as the reason for requesting waiver of service: "In order to avoid the significant costs of service under the Hague Convention including the costs of translations, etc., as well as the significant delays under the Convention…") (See Ex. 2). In response, counsel for Atlas sent a letter on March 19, 2025 clearly stating that he "does not represent ThyssenkruppAG…[and

that] Ms. Morris is not authorized to accept service on behalf of that company…" (ECF # 48-7). On March 28, 2025, Counsel for Plaintiff responded with a threatening letter asserting that Counsel for Atlas is "…in fact, representing ThyseenkruppAG, please advise if you will accept service of process on ThyssenkruppAG…" (Ex. 3). The parties continued to exchange correspondence regarding this issue where counsel for Atlas clearly stated "I DO NO REPRESENT THYSSENKRUPP AG IN THIS CASE. I NEVER HAVE.  I HAVE NO AUTHORITY TO ACCEPT SERVICE OR TAKE ANY OTHER ACTION ON BEHALF OF THYSSENKRUPP AG IN THIS CASE. I NEVER HAVE" (Ex. 4).  Counsel for Atlas also clearly explained that the authority that Plaintiff is relying upon is not applicable to this matter, however counsel for Plaintiff simply responded that "we will just have the Court sort it out." *Id*. On April 24, 2025, with Plaintiff's service deadline approaching, rather than making a good faith effort to effect service on Tk-AG, counsel for Plaintiff instead resorted to filing its frivolous "Motion For The Court To Find That Thyssenkrupp AG has Been Served Process; or, In The Alternative, To Order That Counsel For Defendants Atlas Or Thyssenkrupp Accept Service and an Extension of Time to Serve Process" ("Service of Process Motion") (ECF # 48).

### III. LEGAL STANDARD

Under Federal Rule of Civil Procedure Rule 11:

> (b) Representations to the Court. By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

>   (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

*Id*. Pursuant to Rule 11(c) "If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." *Id*.

Pursuant to 28 U.S.C. § 1927, "Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." *Id*.

### IV.   ARGUMENT

#### A.   Plaintiff's Motion Seeks to Subvert All Rules for Service of Process under Rule 4(f) and Service of Waiver Under Rule 4(d)

Plaintiff has asserted pure supposition that "Mr. Ludwig is in an attorney-client relationship with Thyssenkrupp [and has]… appeared on behalf of Thyssenkrupp, [and ]continued to represent Thyssenkrupp's interests…" (ECF # 48 at 12-13). As a result, Plaintiff has outrageously asserted that service upon counsel for Atlas constitutes service on Tk-AG. *Id*.

Plaintiff has also made the same unpersuasive arguments for why notice of the lawsuit to counsel acting for Atlas somehow constitutes "an appearance on behalf of Thyssenkrupp [and] any service on Thyssenkrupp going forward from the date of the conference call with the Magistrate Judge can be made through her…" *Id*. This argument is similarly outrageous but is also factually

incorrect, despite Plaintiff's lies, Ms. Morris actually *did not* appear at the telephone scheduling conference held before Judge Krask on July 15, 2024. The conference call was *only* held with counsel for the parties (see Conference Call Scheduling Invitation attached as Ex. 5).

Rule 4(f) provides the requirement for service in a foreign country which provides: "(1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention…" Germany, where Tk-AG is located, is a participant of the Hague treaty convention.[1]

Rule 4(d) provides the process for requesting a waiver of service, however it does not require a defendant to waive service. *Id*. Additionally Rule 4(d)(2) only requires a court to impose costs on a Defendant that fails to waive service if , without good cause it fails to sign/return a waiver *and* is located in the United States. *Id*.

As a result, Plaintiff's motion seeks to subvert the above referenced rules and infringe on the due process rights of third party Tk-AG to receive sufficient notice of the proceedings. *Mullane v. Cent. Hanover Bank & Tr. Co*., 339 U.S. 306, 70 S. Ct. 652 (1950). Plaintiff's arguments have no evidentiary support and simply try to spin a false link between Tk-AG to Atlas's counsel and Ms. Morris out of whole cloth (ECF # 48 at 11-14).

      **B.**    **Plaintiff Has Not Made a Good Faith Effort to Serve Tk-AG in the Previous Three Months Since Filing Her Amended Complaint and has Instead Filed Her Motion After her Service Deadline Passed to Relieve Her of this Obligation.**

Pursuant to Rule 4(m), Plaintiff was required to serve her first amended complaint within 90 days of the date of filing. *Id*. Her First Amended Complaint was filed on January 23, 2025 (ECF # 43). 90 days after this date passed on April 23, 2025. Plaintiff allowed this date to pass

---

[1] *See* (https://www.hcch.net/en/instruments/conventions/status-table/?cid=17)

without effecting service and/or seeking additional time. Instead, Plaintiff engaged in harassment of Atlas's counsel seeking to bully them into accepting service, and dilatory tactics, seeking to avoid the costs of service. As a result, Plaintiff waited until April 24, 2025 to file her present motion (ECF # 48). Rule 4(m) provides a court may only extend the time to respond if Plaintiff shows good cause for her failure. Plaintiff has not provided any reasons for good cause, the entirety of the record demonstrates that: (1) she knew consistently that counsel for Atlas did not represent Tk-AG and could not accept service on its behalf, (2) Ms. Morris did not represent Tk-AG and could not waive service on its behalf, (3) the address listed for Tk-AG on its trademark application was incorrect, (4) and that Tk-AG was based in Germany but Plaintiff still pursued service within the United States at addresses where it was not located (see Background in § II). These facts do not provide good cause and instead show negligence in prosecuting the case.

Plaintiff has blatantly lied that Tk-AG "…conducts business in the Commonwealth but is not registered with the State Corporation Commission" (ECF # 48 at 5). She has provided no evidence in support of this allegation. The declaration of Sergio Diehl previously filed by Atlas clearly in opposition to Plaintiff's joinder motion states: "Based on my experiences and interactions with Thyssenkrupp AG, it does not conduct any business in Virginia" (ECF # 38-4 at ¶ 6. Mr. Diehl has also verified that "Based on my experiences and interactions with Thyssenkrupp AG, it does not have any offices in Virginia." *Id*. at ¶ 7. Therefore, all allegations by Plaintiff that Tk-AG maintained an office in Virginia are also false (ECF # 48 at 5).

As a result, this motion is frivolous, and the court should award sanctions and dismiss Tk-AG as a Defendant due to a failure to prosecute. *See Hunsinger v. Gateway Mgmt. Assocs*., 169 F.R.D. 152, 1996 U.S. Dist. LEXIS 15416 (D. Kan. 1996) (For purposes of FRCP 4(m), "good cause" should be interpreted narrowly; thus, inadvertence, neglect, mistake of counsel, and ignorance of rules, do not constitute good cause for untimely service); *Tony Divino Enters. v.*

*Langston (In re Langston)*, 319 B.R. 667, 2005 U.S. Dist. LEXIS 904 (D. Utah 2005) (When plaintiff seeks to rely on good cause provision of Fed. R. Civ. P. 4(m), plaintiff must show meticulous effort to comply with rule).

      **C.**      **Plaintiff Has Only Filed Her Motion to Avoid Incurring the Costs and Time of Service.**

Plaintiff has admitted in her filing that she is seeking to avoid the time and "expense of serving Thyssenkrupp through the Hague Service Convention (20 U.S.T 361) because 1) the process of serving Thyssenkrupp in Germany (where it is located) is time- and cost-prohibitive, requiring $3,500.00 - $4,500.00 in fees and translation costs, as well as taking up to six months or more, unnecessarily significantly increasing the costs of service and delay of the case" (ECF # 48 at 2). A similar admission was made in Plaintiff's counsel's March 11, 2025 email to Rachel Morris (Ex. 2). This is Plaintiff's sole motivation in pursuing her motion, she has not asserted any factual contentions which contain accurate evidentiary support and has not asserted any nonfrivolous arguments warranted by existing law. Therefore, the court should impose sanctions.

      **D.**      **Plaintiff's Motion makes Numerous Arguments which are Irrelevant to the Issue of Service and only interposed to harass and prejudice Atlas.**

Plaintiff argues in her service motion that the arguments that Atlas previously put forth in its opposition to her joinder motion (ECF # 38) were arguments made "…on behalf of Tyssenkrupp…[because none] are supported by facts or allegations that Atlas has any legal jeopardy or remedy such that it had any standing make those arguments to the Court" (ECF 48 at 8). However Plaintiff has not provided any authority in support of such an argument. Atlas cited to correct legal authority in its opposition that "[a] court may deny leave to amend as futile if the proposed amended complaint would not meet the requirements of the Federal Rules of Civil Procedure." *United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008). It does not require the party to cite to legal jeopardy it may face due to a proposed

amendment. *Id*. Atlas has an interest in expedited litigation that is not delayed due to the addition of an international defendant, and in fact its concerns have come to fruition since the amendment was permitted because the entire litigation has been placed on hold.[2]

Plaintiff also shockingly argues that Attorney David Ludwig for Atlas has engaged in conduct sufficient to demonstrate that he has an attorney-client relationship with Thyssenkrupp AG, and as a result, requests the court to hold that Tk-AG was served with the amended complaint through him (ECF # 48 at 11-16). "An agency relationship is created when the principal confers actual authority on the agent, or when, in the absence of actual authority, a person has apparent authority to act on behalf of the principal." *Naimoli v. Pro-Football, Inc*., 120 F.4th 380, 382 (4th Cir. 2024). "A third party can rely on an agent's purported authority (1) when the third party acts reasonably in relying on the agent's authority and (2) when that belief is traceable to the principal's manifestations." Attorney Ludwig has expressly and conspicuously advised counsel for Plaintiff on numerous occasions that he does not represent Tk-AG (see Background, § II). Simply conveying to Plaintiff's counsel that Tk-AG will not agree to a waiver of service does not create an attorney-client relationship on behalf of it for all aspects of the litigation. Therefore, Plaintiff's counsel has not acted reasonably in relying upon his communications with Counsel for Atlas and instead has tried to force authority upon it in order to save on the costs of service. *See Wynn's Extended Care, Inc. v. Bradley*, 619 F. App'x 216, 219 (4th Cir. 2015) *citing Neff Trailer Sales, Inc. v. Dellinger*, 221 Va. 367, 269 S.E.2d 386, 388 (Va. 1980) (an act is within the apparent scope of an agent's authority if, in view of the character of his actual and known duties, an ordinarily prudent person, having a reasonable knowledge of the usages of the business in which the agent is

---

[2] On February 12, 2025, counsel for Atlas reached out to the Courtroom Deputy assigned to this matter in order to reset the case deadlines so that it could reopen discovery. Counsel was advised that she had been directed to reschedule only once Thyssenskrupp AG makes an appearance (see Exhibit 6).

engaged, would be justified in believing that he is authorized to perform the act in question). Even assuming *arguendo*, Plaintiff's argument is correct and apparent authority exists, Counsel is still not a proper party for service under Rule 4.

Plaintiff has also asserted that Counsel for Atlas's conduct has caused it to enter a general appearance for Tk-AG subjecting it to service pursuant to VA Code § 8.01-314 (ECF # 48 at 12-13). Plaintiff has provided no credible authority in support of its argument that the conduct of Atlas's counsel has caused it to enter a general appearance. A general appearance is done voluntary, typically through a filing an appearance or responsive pleading. *Gilpin v. Joyce*, 257 Va. 579, 515 S.E.2d 124 (1999). Plaintiff's attempt to force a general appearance on Atlas's counsel is improper harassment with no basis in the law or the facts of this case and has been asserted just to cause a delay.

Plaintiff then asserts that pursuant to Rule 4(d), Rachel Morris was served process when counsel sent her the pleadings requesting a waiver of service (ECF # 48 at 13-14). However the language of Rule 4(d) clearly only provides that waiving service is only optional, and a waiver must be agreed to and returned for service to be effective. As a result, this is another misapplication of the law asserted by Plaintiff demonstrating that her motion was filed to harass Atlas and its counsel.

### III. CONCLUSION

Plaintiff's service of process motion has been filed purely to harass, cause unnecessary delay and/or needlessly increase the cost of litigation. The motion is also not supported by existing law and/or evidentiary support and Plaintiff has made frivolous arguments which are legally untenable. The entirety of Plaintiff and her counsel's conduct has unreasonably and vexatiously multiplied the proceedings in this case. As a result, this court should impose

sanctions awarding attorney's fees and dismiss Thyssenkrupp AG as a defendant due to a failure to prosecute.

Respectfully submitted,

ATLAS NORTH AMERICA, LLC,

*/s/David Ludwig*
David Ludwig (VSB 73157)
David Trinnes (VSB 81027)
DUNLAP BENNETT & LUDWIG
211 Church St. SE
Leesburg, Virginia 20175
Phone: (703) 777-7319
Fax: 703-777-3656
dludwig@dbllawyers.com
dtrinnes@dbllawyers.com

*Attorneys for Defendant Atlas North America, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 2, 2025, a true copy of the foregoing was served on Plaintiff's counsel by hand delivery at:

> Duncan G. Byers, Esq.
> BYERS LAW
> 1769 Jamestown Road, Suite 120
> Williamsburg, VA 23185
> dbyers@dbyerslaw.com
> *Counsel for Plaintiff*

                                          */s/David Ludwig*
                                          David Ludwig

## **CERTIFICATE OF SERVICE**

      I hereby certify that on May 23, 2025, a true copy of the foregoing was served on all counsel of record through the Court's CM/ECF system:

      Duncan G. Byers, Esq.
      BYERS LAW
      1769 Jamestown Road, Suite 120
      Williamsburg, VA 23185
      dbyers@dbyerslaw.com
      *Counsel for Plaintiff*

      /s/David Ludwig
      David Ludwig