IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION

MELINDA SMITH,

       Plaintiff,

v.                              Civil Action No. 4:23cv95

ATLAS NORTH AMERICA, LLC

and

THYSSENKRUPPAG

       Defendants.

## PLAINTIFF'S REPLY BRIEF TO DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR THE COURT TO FIND THAT THYSSENKRUPP AG HAS BEEN SERVED PROCESS; OR, IN THE ALTERNATIVE, TO ORDER THAT COUNSEL FOR DEFENDANTS ATLAS OR THYSSENKRUPP ACCEPT SERVICE AND AN EXTENSION OF TIME TO SERVE PROCESS

COMES NOW Plaintiff Melinda Smith ("Smith" or "Plaintiff"), by and through counsel and provides this, her Reply to Defendant Atlas North America's (Defendant or "Atlas") Opposition [ECF 51] to Plaintiffs' Motion for the Court to Find That Thyssenkrupp AG Has Been Served Process; or, in the Alternative, to Order That Counsel for Defendants Atlas or Thyssenkrupp Accept Service and an Extension of Time to Serve Process (Plaintiff's "Service Motion") [ECF 48], and in support thereof state as follows:

## I.    SUMMARY

Despite Atlas's argument otherwise, both the caselaw and Virginia's ethical guidelines lead to the clear conclusion that counsel for Atlas has been representing and continues to

represent Thyssenkrupp, including and importantly in pleadings before the Court. Defendant's protests to the contrary are unavailing for several reasons. Defendant's arguments ignore completely the legal authority relied upon by Plaintiff showing that Atlas has clearly demonstrated to both Plaintiff and the Court that its counsel is also representing Thyssenkrupp. Defendant also ignores the authority of the Court to find and/or order service of process by means that are not prohibited by the Hague Treaty which, as shown in Plaintiff's Motion, applies to this case. Also ignored is the fact that the Court has already held that counsel for Atlas presented arguments on behalf of Thyssenkrupp.

In addition, Atlas has taken further action in filing a Motion for Sanctions (ECF 52) that clearly demonstrates yet again that counsel for Atlas is representing the interests of Thyssenkrupp not just in interactions with Plaintiff but also before the Court. Atlas also fails to demonstrate that Thyssenkrupp is not under notice sufficient to meet the requirements of both Federal Rules and Procedure, the Hague Convention, and Virginia law.

Finally, Defendant's argument that Plaintiff has not made a good faith attempt to serve Thyssenkrupp is baseless, as Plaintiff has utilized several avenues to attempt service without having to resort to the expensive and time-consuming process of service Thyssenkrupp in Germany only to be thwarted time and again by the actions of both Atlas and in-house counsel for Thyssenkrupp.

Defendant has, in short, provided no justification or argument based upon facts or law that are sufficient to dispute the position Plaintiff has taken in her Service Motion.

## II.    ARGUMENT

It is worth noting at the outset that Defendant in its Opposition has not addressed, let alone attempted to distinguish, a single one of the authorities relied upon by Plaintiff in its

Motion other than to selectively quote portions of Va. Code §§s 8.01-314 and 288.  None of the cases relied upon by Plaintiff or the Legal Ethics Opinion (ECF 48-9) are addressed in any manner by Defendant.

Defendant also argues that "Plaintiff  has not provided any authority in support" of their position that Defendant arguing on behalf of Thyssenkrupp positions that are not supported by facts or allegations [asserting that] Atlas has any legal jeopardy or remedy such that it had any standing to make those arguments to the Court."  ECF 51, p. 6; ECF 48, p. 8.  In doing so, Defendant does not acknowledge or make any attempt to address the fact that the Court has already found that counsel for Atlas represented Thyssenkrupp's interests before the Court.  ECF 42, p. 11.

In addition, Defendant ignores the clear legal principles relied upon by Plaintiff that counsel for Atlas has manifested - and continues to manifest - not just to Plaintiff but also to the Court that it has the authority to present and argue facts and legal positions on behalf of Thyssenkrupp.  Defendant fails to address in any manner the *Singer Sewing Machine* and *Auvil* cases relied upon by Plaintiff showing that counsel for Atlas has demonstrated authority to act on behalf of Thyssenkrupp, not only in communications with counsel for Plaintiff, but also in the positions taken and argued before the Court. ECF 48, p. 11, *citing Singer Sewing Machine Co. v. Ferrell*, 144 Va. 395, 132 S.E. 312, 314–15 (1926); *Auvil v. Grafton Homes, Inc.*, 92 F.3d 226, 230 (4th Cir. 1996).

Further, as is clear again from Atlas's Opposition [ECF 51] to Plaintiffs' Service Motion, Atlas by and through its counsel is clearly representing the interests of Thyssenkrupp AG while protesting that they are not.   The Court needs to consider not just the arguments of Atlas in its Opposition, but also in its recently filed Motion for Sanctions and Proposed Order for its Motion

3

for Sanctions [ECF 52, 52-1] wherein Atlas (again on behalf of Thyssenkrupp AG) seeks to have the Court dismiss Thyssenkrupp AG as a defendant including as part of the Proposed Order that "THYSSENKRUPP AG is hereby DISMISSED as a Defendant" [ECF 52-1], as well as through the relief sought in its Memorandum in Support of its Motion for Sanctions [ECF 53] wherein Atlas requests that ". . . this court should impose sanctions awarding attorney's fees and dismiss Thyssenkrupp AG as a defendant. . ." ECF 53, pp. 9-10.

In their entirety, Atlas's Opposition to Plaintiffs' Service Motion and its Motion for Sanctions are yet more proof to the Court that, once again, Atlas and counsel for Atlas are directly representing the interests of Thyssenkrupp AG while making baseless arguments that these continued representations of Thyssenkrupp AG's interests do not constitute an appearance by Thyssenkrupp AG before the Court.

Defendant further argues [ECF 51, n.2] that "Plaintiff has admitted that she is seeking to avoid" having to serve through the Hague Convention because of the high costs and delays as if that argument bolsters its position. Of course she is. Atlas (and in this particular instance Thyssenkrupp) simply ignores the duties of a Defendant that has actual notice of an action. Va. Code § 8.01-286.1(B) states that "[a]ny person subject to service as set forth in § 8.01-296, 8.01-299, §§ 8.01-301 [service on foreign entities] through 8.01-306 or § 8.01-320, with the exception of the Secretary of the Commonwealth and the Clerk of the State Corporation Commission, who receives actual notice of an action in the manner provided in this section, has a duty to avoid any unnecessary costs of serving process." There can be no doubt that Thyssenkrupp has actual notice of this suit - again, shown by the representations made to the Court by Atlas that are legal and factual positions taken on behalf of Thyssenkrupp as well as the inclusion in part of

Thyssenkrupp's in-house counsel, Ms. Morris, in settlement negotiations (at a minimum).[1]  Even

if Defendant is correct and Ms. Morris did not actually take part in that conference call,

Defendant has made no attempt to explain why Ms. Morris was identified by Defendant's

Settlement Position Statement that "Rachel Morris will be attending remotely as the

representative,"  ECF 48, p. 14,  other than the assertion by later counsel for Defendant that in

addition to being counsel for Thyssenkrupp, Ms. Morris was ". . . acting as in-house counsel for

Atlas North America. Which you well know because she was supposed to attend the settlement

conference in this matter on behalf of Atlas. . ."  ECF 48, pp. 14-15, ECF 48-8.

So while Defendant is correct that Ms. Morris was not included in the Conference Call

Scheduling Invitation [ECF 51-5], Defendant also states that "[t]he conference call was *only* held

with counsel for the parties. . ." ECF 51, p. 4 (emphasis in the original).  There is no affirmative

statement by Defendant that Ms. Morris had no knowledge of the scheduled conference call for

the settlement conference in that that she was specifically identified as attending, or that the

information related to the scheduled conference call including the call-in information was not

conveyed to Ms. Morris.  According to counsel for Defendant, Ms. Morris is acting as in-house

counsel for Atlas.  Which of course makes her counsel for one of the Parties, and begs the

question that if she is, in fact, working with Atlas as in-house counsel in this matter, why was she

*not* on the call?  The argument that "[t]he conference call was only held with counsel for the

parties" (ECF 51, p. 4) is characteristically vague in that it fails to say that Ms. Morris did not

---

[1]    Defendant argues that it is factually incorrect that Ms. Morris appeared in the telephone conference held with Magistrate Judge Krask.  ECF 51, p. 4.  The undersigned states that it was his understanding that Ms. Morris was specifically identified as being on that call, and has attempted to confirm one way or the other with Judge Krask's chambers if there were any notes of the call identifying the individuals on the conference call.  As of the time of this filing, there has been no confirmation one way or the other.  If the undersigned receives confirmation that Ms. Morris was in fact not identified on that call, that assertion will of course be withdrawn.

appear at all, but that the conference call was only held with counsel for the parties. *Id*. It does not preclude her appearing as "in-house counsel" for Atlas as asserted by counsel for Atlas.

Defendant also relies upon the Declaration of Sergio Diehl [ECF 38-4] for the proposition that Thyssenkrupp AG does not conduct any business in Virginia (stating that Plaintiff "blatantly lied" that Thyssenkrupp conducts business in Virginia, ECF 51, p. 5). Defendant's reliance on Diehls's Declaration is misplaced. As noted in Plaintiff's Service Motion, Thyssenkrupp was identified in at least two U.S. Patent and Trademark Office ("USPTO") trademark registrations as being located in Virginia. ECF 48, p. 5. And Plaintiff is entitled to rely upon official documents filed with the USPTO. The fact that Atlas now argues - again on behalf of Thyssenkrupp - that "the address listed for [Thyssenkrupp] on its trademark application was incorrect" (ECF 51, p. 5) with absolutely no evidence supporting that assertion. Not only were the address changes not made on trademark applications but on existing trademark registrations (ECF 48-2), Atlas provides nothing other than the argument of counsel that the change in address was an error.

Critically, Mr. Diehl's Declaration cannot be relied upon however in that in his Declaration, Mr. Diehl either misrepresents his knowledge of the underlying facts of the case, failed to investigate to determine the facts, or makes materially false statements to the Court regarding the facts underlying the case and the filing of the patent application at issue. In particular, Mr. Diehl states in his Declaration that "On February 19, 2019, Atlas North America, LLC filed a non-provisional patent application titled 'Overboard Detection and Tracking System' which was assigned number 16/279,309. The patent application was prepared by Atlas North America, LLC's counsel and filed on behalf of Atlas North America, LLC . . . [and] Thyssenkrupp AG served no role in the filing of the patent and only received an assignment to

the rights of the invention." ECF 38-4, ¶¶s 8-10.  This was clearly shown to be false as documents obtained through discovery showed that the patent application at issue was filed on behalf of Thyssenkrupp AG.  ECF  39-1.  So any other statements by Mr. Diehl in his Declaration cannot be relied upon for any purpose, and certainly cannot be relied upon as factual statements regarding Thyssenkrupp AG's business operations within Virginia as Atlas attempts to do.

Defendant also ignores Va. Code § 8.01-286.1(B), which states that "[a]ny person subject to service as set forth in § 8.01-296, 8.01-299, §§ 8.01-301 through 8.01-306 or § 8.01-320, with the exception of the Secretary of the Commonwealth and the Clerk of the State Corporation Commission, who receives actual notice of an action in the manner provided in this section, has a duty to avoid any unnecessary costs of serving process."  There can be no doubt that Thyssenkrupp has actual notice of this suit - again, shown by the representations made to the Court by Atlas that are clearly legal and factual positions argued on behalf of Thyssenkrupp as well as, at a minimum, the inclusion of Thyssenkrupp's in-house counsel, Ms. Morris, in settlement negotiations.

There also can be no doubt that despite Atlas's arguments to the contrary, counsel for Atlas has been and continues to represent Thyssenkrupp's interest to Plaintiff and before the Court while attempting to hide Thyssenkrupp from liability and inclusion in the case by arguing on its behalf while at the same time attempting to thwart the attempts by Plaintiff to obtain service, and further to conceal from the Court the fact that Thyssenkrupp is and has been represented by counsel for Atlas.  As noted above, Atlas argues that Plaintiff's attempts to avoid the costs and delays of serving process in Germany through the Hague Convention is evidence of

7

Plaintiff's attempts to delay and multiply the proceedings while ignoring the duties of all Parties' duties to avoid taking action that cause delay and increased cost in the service of process. The protests by counsel for Atlas that it does not represent Thyssenkrupp is belied by their continued arguments to Plaintiff and to the Court on behalf of Thyssenkrupp, and ignores the legal and ethical authority provided by Plaintiff clearly showing that Thyssenkrupp is represented by counsel for Atlas.

This is clearly a pattern to represent the legal interests of Thyssenkrupp but attempt to avoid that obvious conclusion by failing to enter a formal appearance on behalf of Thyssenkrupp. Atlas has ignored the Court's finding that Atlas has already presented arguments on behalf of Thyssenkrupp, and continues to not only present factual and legal arguments to the Court on behalf of Thyssenkrupp, including asking for relief from the Court to the benefit of Thyssenkrupp in each and every pleading it files including its most recent Motion for Sanctions.

Finally, there is absolutely no attempt by Atlas or Thyssenkrupp to explain why Thyssenkrupp has never made or attempted to make any special appearances before the Court to represent its positions without conceding jurisdiction of the Court (personal or subject-matter) over it, challenge its inclusion as a defendant, challenge Plaintiff's argument that Thyssenkrupp has in fact been served under Virginia Law, Florida Law, and/or Federal Law, or to challenge Plaintiff's assertion that counsel for Atlas is, in fact, representing Thyssenkrupp.  No declaration or affidavit has been provided from any representative of Thyssenkrupp denying the representation or that counsel for Atlas is acting on its behalf and importantly no declaration or affidavit from Mr. Morris to that effect - or that Ms. Morris has somehow bifurcated her responsibilities to Thyssenkrupp by Atlas's unsupported argument that Ms. Morris is "acting as in-house counsel" for Atlas.  Atlas's Opposition and its newly-filed Motion for Sanctions

continue this pattern of misdirection, delay, and obfuscation and simply serve to show that

Thyssenkrupp not only is, and has been, under notice of this action sufficient to find that not only

has it been served consistent with Virginia Law and procedure and Federal Law and procedure,

but that it has continued to take affirmative action by and through counsel for Atlas to attempt to

avoid the ultimate conclusion that it is a party to this action when in fact Thyssenkrupp has been

making appearances before the court through counsel on numerous occasions.

## III.    CONCLUSION

For the reasons stated herein, Plaintiff Melinda Smith respectfully submits to the Court

that it should find defendant Atlas, North America's arguments unavailing, and grant the relief

sought in Plaintiff's Service Motion.


Dated: May 28, 2025

                            MELINDA SMITH

                            By :/s/ Duncan G. Byers
                            Of Counsel
                            Duncan G. Byers, Esq.
                            Va. Bar ID #48146
                            BYERS LAW
                            1769 Jamestown Road, Suite 120
                            Williamsburg, VA  23185
                            Telephone: (757) 317-2779
                            Facsimile:  (757) 231-3797
                            dbyers@dbyerslaw.com
                            *Counsel for plaintiff Melinda Smith*


## CERTIFICATE OF SERVICE

This is to certify that on the 28th day of May 2025, I filed the foregoing via CM/ECF while
will electronically serve notice of the filing on the following counsel of record:

David Ludwig (VSB #73157)
David Trinnes (VSB #81027)

DUNLAP BENNETT & LUDWIG
211 Church St. SE
Leesburg, Va.  20175
Phone  703.777.7319
Fax      703.777.3656
dludwig@dbllawyers.com
dtrinnes@dbllawyers.com
*Attorneys for Defendant Atlas North America, LLC*

/s/ Duncan G. Byers
Of Counsel
Duncan G. Byers, Esq.
Va. Bar ID #48146
BYERS LAW
1769 Jamestown Road, Suite 120
Williamsburg, VA  23185
Telephone: (757) 317.2779
Facsimile:  (757) 231.3797
dbyers@dbyerslaw.com
*Counsel for plaintiff Melinda Smith*