IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION

MELINDA SMITH,

    Plaintiff,

v.   Civil Action No. 4:23cv95

ATLAS NORTH AMERICA, LLC

and

THYSSENKRUPPAG

    Defendants.

### PLAINTIFF'S MEMORANDUM IN SUPPORT OF HER MOTION TO STAY DEFENDANT ATLAS NORTH AMERICA'S MOTION FOR SANCTIONS

COMES NOW Plaintiff Melinda Smith ("Smith" or "Plaintiff"), by and through counsel and for her Memorandum in Support of Her Motion to Stay Defendant's Motion for Sanctions [ECF 52] states as follows:

### I.   PROCEDURAL HISTORY

Plaintiff filed a Motion for the Court to Find That Thyssenkrupp AG Has Been Served Process; Or, In The Alternative, To Order That Counsel for Defendants Atlas or Thyssenkrupp Accept Service and an Extension of Time [ECF 48] (Plaintiff's "Service Motion") on April 24, 2025. Defendant Atlas North America ("Atlas") filed its Opposition on May 22, 2025 [ECF 51] after it requested that Plaintiff agree to an extension of time in part for Atlas to serve on Plaintiff a Motion for Sanctions so as to allow for the 21-day period under Fed. R. Civ. P. 11(c)(2). Plaintiff agreed, and the Court granted the extension [ECF 50]. Atlas served its proposed Motion for Sanctions under Fed. R. Civ. P. 5 on Plaintiff on May 1, 2025. Atlas' Motion for Sanctions is

premised upon Plaintiff's Service Motion [ECF 48] and argues that the Service Motion was brought "purely to harass, cause unnecessary delay and/or needlessly increase the cost of litigation. The motion is also not supported by existing law and/or evidentiary support and Plaintiff has made frivolous arguments which are legally untenable. The entirety of Plaintiff and her counsel's conduct has unreasonably and vexatiously multiplied the proceedings in this case." ECF 52, p. 1.  After review and in the face of Atlas' arguments, Plaintiff declined to withdraw or otherwise correct her Service Motion as provided for under Fed. R. Civ. P. 11(c)(2).  Atlas filed its Motion for Sanctions on May 22, 2025 ("Motion for Sanctions").[1]

Counsel for Plaintiff informed counsel for Atlas that she intended to file a Motion to Stay, and conferred via conference call on June 3, 2025 with counsel for Atlas as well as providing counsel for Atlas with a copy of the Motion to Stay.  Atlas does not consent to the Motion and intends to oppose it.

For the reasons stated herein, Plaintiff believes a Stay of Atlas' Motion for Sanctions and a stay of the deadline for responsive pleading by Plaintiff is warranted until the Court hears and rules on Plaintiff's Service Motion.  At best, Atlas' Motion for Sanctions is premature.  At worst, its Motion for Sanctions may be rendered entirely baseless and moot based upon the Court's rulings on Plaintiff's Service Motion.

---

[1] Atlas' Motion for Sanctions seeks sanctions under Fed. R. Civ. P. 11 as well as sanctions directly against the undersigned under 28 U.S.C. § 1927.  For brevity, Plaintiff is referring to Atlas' Motion for Sanctions as a Motion for Sanctions under Rule 11, but the arguments herein apply equally to Atlas' Motion under 28 U.S.C. § 1927 and should be construed in that manner.  In that context Plaintiff's arguments herein constitute arguments made on behalf of both Plaintiff and counsel for Plaintiff.

**II.     ARGUMENT**

"The power to stay proceedings is incidental to the power inherent in every court to control disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248,254,57 S.Ct. 163,81 L.Ed. 153 (1936). When considering a motion to stay, district courts generally consider three factors: "(1) judicial economy, (2) hardship and equity to the moving party if the action is not stayed, and (3) potential prejudice to the non-moving party." *Brown v. Energy Servs. Grp. Int l, Inc.*, Case No. 3:21-cv-611, 2022 WL 2161034, 2022 U.S. Dist. LEXIS 106481, at *8 (E.D. Va. June 14, 2022). This court has the discretion to grant a motion to stay under its general equity power. *Williford v. Armstrong World Industries, Inc.*, 715 F.2d 124, 127 (4th Cir. 1983). In considering a discretionary stay, a court exercises its own judgment and "must weigh competing interests and maintain an even balance." *Id.* (*quoting Landis v. North American Co.*, 299 U.S. 248, 254-55, 57 S.Ct. 163, 81 L.Ed. 153 (1936)). *BioNTech SE v. CureVac Se*, Civil Action 2:23-cv-00222-JKW-DEM (E.D. Va. Apr 12, 2024).

The three factors to be considered weigh in favor of Plaintiff's Motion to Stay.  First, granting the stay serves judicial economy in that Atlas' Motion for Sanctions is premised in its entirety on the facts and arguments raised by Plaintiff in her Service Motion - and the filing of the Motion itself - and so whether or not the Motion for Sanctions has any basis will depend upon the Court's resolution of the Service Motion.  Second, Plaintiff will incur significant time and cost to respond to the serious allegations made by Atlas in its Motion for Sanctions that cannot be fully responded to until the Court rules on the Service Motion which could negate in whole or in part the allegations raised by Atlas in the Motion for Sanctions.  Finally, there is no potential prejudice to Atlas by granting the Stay.  Atlas, too, requires the Court's resolution of the

3

Service Motion to determine if it has to withdraw or alter its Motion for Sanctions or if it can proceed on the Motion as currently filed.

Atlas' Motion for Sanctions is premised in its entirety on the facts and arguments raised by Plaintiff in her Service Motion as well as the filing of the Motion itself. In its Memorandum in Support of its Motion for Sanctions [ECF 53] Atlas has summarized the basis for its Motion as " Plaintiff has resorted to filing a frivolous motion filled with blatant lies and egregious misapplications of the law requesting for this court to find that Tk-AG has been served through the attorneys for co-defendant Atlas and/or has been provided with notice sufficient to constitute service of process. This motion has only been filed to harass, cause unnecessary delay and/or needlessly increase the cost of litigation. It is also not supported by existing law and/or evidentiary support. The entirety of Plaintiff and her counsel's conduct has unreasonably and vexatiously multiplied the proceedings in this case." ECF 53, p. 1. Atlas raises the following specific arguments in support of that position:

"Plaintiff's Motion Seeks to Subvert All Rules for Service of Process under Rule 4(f) and Service of Waiver Under Rule 4(d)". *Id.* at IV(A) (p. 4);

"Plaintiff Has Not Made a Good Faith Effort to Serve Tk-AG in the Previous Three Months Since Filing Her Amended Complaint and has Instead Filed Her Motion After her Service Deadline Passed to Relieve Her of this Obligation." *Id.* at IV(B) (p. 5);

"Plaintiff Has Only Filed Her Motion to Avoid Incurring the Costs and Time of Service." *Id*. at IV(C) (p. 7); and

"Plaintiff's Motion makes Numerous Arguments which are Irrelevant to the Issue of Service and only interposed to harass and prejudice Atlas." *Id.* at IV(D) (p. 7).

    A.    IV(A).

With respect to IV(A)[2], Plaintiff's position is that it has not asserted "pure supposition" that "Mr. Ludwig is in an attorney-client relationship with Thyssenkrupp [and has]… appeared on behalf of Thyssenkrupp, [and ]continued to represent Thyssenkrupp's interests…", *citing* ECF # 48 at 12-13. In support of its argument Plaintiff has outlined for the Court numerous facts demonstrating its assertion as well as the legal authority in support of that position. ECF 48 throughout (facts); pp. 11-13 (legal authority and analysis). Atlas asserts, generally, that Plaintiff's arguments in its Service Motion that counsel for Atlas has made assertions and appearances on behalf of Thyssenkrupp AG sufficient to show that counsel for Atlas is and has been representing Thyssenkrupp AG as an "outrageous[ ] assert[ion] that service upon counsel for Atlas constitutes service on [Thyssenkrupp AG]." ECF 53, p. 4. The Court is, therefore, going to have to resolve the question of Atlas' counsel's relationship to and representation of Thyssenkrupp AG. If the Court agrees with Plaintiff, this leg of Atlas' argument fails. If the Court agrees with Atlas, only then can the Court consider whether Plaintiff's arguments violated Rule 11.

Atlas also asserts that Plaintiff's arguments regarding notice on counsel for Thyssenkrupp AG, in part because Atlas argues that Rachel Morris, Esq. in addition to her representation of Thyssenkrupp AG also represents Atlas and it is only in that capacity that she has been involved in this action [ECF 51, pp. 2,4), although also arguing that Ms. Morris does not represent Thyssenkrupp AG [ECF 51, p. 5]. Plaintiff provided the Court with evidence showing that Ms.

---

[2] Atlas also asserts that Plaintiff's argument that counsel for Thyssenkrupp AG appeared, in part, by taking part in a settlement conference call and that "[t]his argument is similarly outrageous but is also factually incorrect and "despite Plaintiff's lies, Ms. Morris actually did not appear at the telephone scheduling conference held before Judge Krask on July 15, 2024." ECF 53, pp. 4-5. Plaintiff addressed this issue in her Reply to Atlas' Opposition to the Service Motion. ECF 54, n. 1 (p. 5).

5

Morris actually does represent Thyssenkrupp AG. ECF 48, n. 1, p. 3. The Court, therefore, must resolve the question of Ms. Morris' participation - or lack thereof - in this case, who it is on behalf of, and whether or not service has been made on Thyssenkrupp AG by and through Ms. Morris either under federal common law, the Federal Rules, and/or Virginia law. It is only then that the Court could consider whether Plaintiff's attempts to serve through Ms. Morris constitute good cause for her Service Motion. And only then can the Court consider whether or not Plaintiff's attempts at service through Ms. Morris, and arguing the same in her Service Motion, can or should be considered in support of Atlas's Motion for Sanctions.

Finally, Atlas argues that Fed. R. Civ. P. 4(f) "provides the requirement for service in a foreign country" and as a result the Court will have to first determine if Plaintiff has met the service requirements under Rule 4(f). And if not, what service means the Court will require to obtain proper service on Thyssenkrupp AG. Only then can the Court consider whether or not Atlas' arguments and Plaintiff's actions in this regard constitute violations of Rule 11. The arguments related to Rule 4 are further addressed in response to Paragraph IV(B) below.

        **B.**     **IV(B).**

With respect to IV(B), the Court must determine whether Plaintiff's filing of her Service Motion the day after the running of the 90-day period should be considered a violation of Rule 4(m) and dilatory as Atlas asserts [ECF 51, p. 4-5] or whether Rule 4 even required service under the Rule within 90 days against Thyssenkrupp AG. So the Court must determine whether or not Plaintiff was required to file her Service Motion before the expiration of the 90 day period, and if so whether or not Plaintiff has demonstrated good cause for the delay, as well as whether the Court should extend the time period or provide other relief provided for under Rule 4.

Atlas argues that the failure of Plaintiff to file her Service Motion within the 90 day time period demonstrates that "Plaintiff engaged in harassment of Atlas's counsel seeking to bully them into accepting service, and dilatory tactics, seeking to avoid the costs of service," ECF 53, p. 6, and that "[t]hese facts do not provide good cause and instead show negligence in prosecuting the case." *Id*. As noted above, before the Court can consider Atlas' arguments in this regard, it must first determine whether the 90-day period even applies under the circumstances of this case in light of Rule 4(m) which provides that the 90-day period ". . . does not apply to service in a foreign country under Rule 4(f) , 4(h)(2) , or 4(j)(1). . ." (service on foreign individuals, companies, or governments). In addition, even if the Court were to determine that the 90-day period applies under these circumstances, the Court would have to determine what action is appropriate under Rule 4 which provides that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff— must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m).

Only after making those determinations and ruling on Plaintiff's Service Motion could the Court address Atlas' assertion in its Motion for Sanctions that the actions taken by Plaintiff constituted ". . . inadvertence, neglect, mistake of counsel, and ignorance of rules. . . ", ECF 53, pp. 6-7. And the Court's ruling under Rule 4 on Plaintiff's Service Motion may nullify completely Atlas' assertions in this regard.

    **C.**    **IV(C).**

Atlas argues in this section of its Motion for Sanctions that "Plaintiff has admitted in her filing that she is seeking to avoid the time and 'expense of serving Thyssenkrupp through the Hague Service Convention . . . because 1) the process of serving Thyssenkrupp in Germany (where it is located) is time- and cost-prohibitive, requiring $3,500.00 - $4,500.00 in fees and translation costs, as well as taking up to six months or more, unnecessarily significantly increasing the costs of service and delay of the case," ECF 53, p. 7, *citing* ECF 48 at 2. Atlas asserts that "this is Plaintiff's sole motivation in pursuing her motion, she has not asserted any factual contentions which contain accurate evidentiary support and has not asserted any nonfrivolous arguments warranted by existing law. Therefore, the court should impose sanctions." ECF 53, p. 7.

This assertion by Atlas requires the Court to determine if the alleged behavior, whether Plaintiff sought to avoid significant costs and delays in serving process, occurred in the first place which is a necessary part of the Court's analysis and ruling on Plaintiff's Service Motion. However, Plaintiff concedes the point. She was, in fact, attempting to avoid the significant costs and delays associated with serving Thyssenkrupp AG in Germany through the Hague Convention and which, as noted below, a defendant has a duty to avoid unnecessary expenses of serving process. The Court must necessarily also consider Plaintiff's factual contentions and arguments in her Service Motion and in the process, of course, consider if Plaintiff's factual contentions are "unsupported by accurate evidentiary support" as alleged by Atlas, and whether or not Plaintiff's arguments in her Service Motion are warranted by existing law. That analysis of necessity must occur prior to the Court ruling on the Service Motion.

Only after the Court has ruled on the Service Motion could the Court address whether Plaintiff taking steps to avoid costs and delays in the service of process on Thyssenkrupp AG,

and the steps that were taken to do so could be sanctionable. And while this Motion to Stay is in lieu of a substantive response to the Motion for Sanctions, it is worth noting that both Fed. R. Civ. P. 4(d)(1) and Va. Code § 8.01-286.1 state specifically that a defendant - including a foreign corporation (Fed. R. Civ. P. 4(h); Va. Code. § 8.01-286.1(B)) - "has a duty to duty to avoid unnecessary expenses of serving the summons" (Rule 4(d)(1)) and a defendant with actual notice has the same "duty to avoid any unnecessary costs of serving process" (§ 286.1(B)).

### D.    IV(D).

Atlas asserts that Plaintiff has made "[n]umerous Arguments which are Irrelevant to the Issue of Service and only interposed to harass and prejudice Atlas." ECF 53, p. 7. Before the Court can consider this argument in the Motion for Sanctions, the Court must analyze and rule on Plaintiff's Service Motion and determine if any of Plaintiff's arguments are in fact "irrelevant to the issue of service."

As in the other three sections above, only once the Court has considered the facts and arguments of Plaintiff and ruled on her Service Motion is it possible to assess any possible violations of Rule 11 that warrants sanctions.

### III.    CONCLUSION

In sum, the Court should stay Atlas' Motion for Sanctions for several reasons. First, it fulfills the need for judicial economy. The Court must first make findings of fact and law based upon the pleadings and arguments of counsel related to Plaintiff's Motion for Sanctions and thereafter issue a decision on the Sanctions Motion. Only then can the Court consider the Motion for Sanctions. It directly serves judicial economy to stay any further pleadings or consideration of the Motion for Sanctions primarily because the Court's determinations on the Service Motion may alter, perhaps dramatically, both the prosecution of Atlas' Motion for

Sanctions and any response required by Plaintiff.  Under those circumstances Plaintiff should not have to spend the time and effort to respond to the Motion for Sanctions only to then have to revisit the issue based upon the Court's rulings on her Service Motion.  Second, as noted above, to not stay the Motion for Sanctions places Plaintiff in the position of having to address issues raised in the Motion for Sanctions that may be fundamentally altered or mooted entirely, as well as having to guess how the Court is going to rule on the Service Motion, placing a hardship on her that is also not an equitable result for Plaintiff. Finally, there is no potential prejudice to Atlas by staying its Motion for Sanctions.  At worst it will only delay the Court's consideration of Atlas' Motion.  And could, of course, fundamentally alter the nature and content of Atlas' Motion.

WHEREFORE Plaintiff Melinda Smith respectfully requests that the Court STAY Atlas' pending Motion for Sanctions and the deadline for responsive pleading by Plaintiff pending the Court's decision on Plaintiff's Motion for the Court to Find That Thyssenkrupp AG Has Been Served Process; Or, In The Alternative, To Order That Counsel for Defendants Atlas or Thyssenkrupp Accept Service and an Extension of Time.

Dated: June 3, 2025

MELINDA SMITH

By :/s/ Duncan G. Byers
Of Counsel
Duncan G. Byers, Esq.
Va. Bar ID #48146
BYERS LAW
1769 Jamestown Road, Suite 120
Williamsburg, VA  23185
Telephone: (757) 317-2779
Facsimile:  (757) 231-3797
dbyers@dbyerslaw.com
*Counsel for plaintiff Melinda Smith*

## CERTIFICATE OF SERVICE

This is to certify that on the 3rd day of June 2025, I filed the foregoing via CM/ECF which will electronically serve notice of the filing on the following counsel of record:

David Ludwig (VSB #73157)
David Trinnes (VSB #81027)
DUNLAP BENNETT & LUDWIG
211 Church St. SE
Leesburg, Va.  20175
Phone 703.777.7319
Fax     703.777.3656
dludwig@dbllawyers.com
dtrinnes@dbllawyers.com
*Attorneys for Defendant Atlas North America, LLC*

/s/ Duncan G. Byers
Of Counsel
Duncan G. Byers, Esq.
Va. Bar ID #48146
BYERS LAW
1769 Jamestown Road, Suite 120
Williamsburg, VA  23185
Telephone: (757) 317.2779
Facsimile:  (757) 231.3797
dbyers@dbyerslaw.com
*Counsel for plaintiff Melinda Smith*