IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NEWPORT NEWS DIVISION

MELINDA SMITH,
     Plaintiff,

Vs.                                              **Case Number: 4:23cv95**

ATLAS NORTH AMERICA, LLC and
THYSSENKRUPP, AG,
     Defendants.

---

### AFFIDAVIT OF EMILY LUSTENBERGER FOR STATUS REPORT
### ON THYSSENKRUPP AG IN GERMANY

STATE OF GEORGIA

COUNTY DeKALB

My name is EMILY LUSTENBERGER, and I am competent in all respects to testify regarding the matters set forth herein. This Affidavit is given voluntarily.

1. I am the Division Manager for Ancillary Legal Corporation, a company that routinely serves international legal process pursuant to all existing international treaties, by letters rogatory, the Foreign Sovereigns Immunities Act, as well as by private international process server and by United States International Mail. I am a citizen of the United States, a non-party to this action, and am not related by employment or otherwise to any party in the above case.

2. We have years of experience in serving international process and have caused thousands of Summons and other initial pleadings and original process in civil actions to be served abroad in accordance with the treaty provisions of both international treaties to which the United States is a party. I have no interest in the outcome of this action.

3. The party to be served is in Germany. Germany and the United States are both parties to an international service of process treaty commonly known as the Hague Process Convention, cited as *The Hague Convention on the Service Abroad of Judicial and Extra Judicial Documents in Civil or Commercial Matters, 20 UST 361, 658 UNTS. 163 T1 A.S. #10072.* This country has filed a declaration to Article 10(a) and (b) of the treaty which prohibits service of process by mail or by private process, which it considers to be a violation of its sovereignty.

4. Documents are processed generally in the following manner: After a thorough review of the documentation by a lawyer at the Central Authority of the state, which can take 4-6 weeks, they are sent to the local Court where the person to be served resides, where they are again reviewed and handled under the judicial rules of that province/state. They are then given to an official (similar to a sheriff's deputy) for service. Then the proof of service returns to the United States following the same route, being reviewed and logged in at every station. Local rules for handling these documents vary widely with the province/state.

1

5.  The whole procedure can normally take 18-26 weeks or more. It is not unusual for the person who is being served to make an appearance through his U.S. counsel 4 to 8 weeks before the proof is returned to the United States.

6.  The Federal Rules of Civil Procedure mandate the use of this United States' treaty procedures when applicable, (FRCP Rule 4(f)), and acknowledges that because of the length of time necessary to serve process abroad, the 90-day service rule does not apply (FRCP Rule 4(m)).

7.  While the Rules of Civil Procedure in any State Court may indicate a lesser period of time to serve the documents, Article VI of the United States Constitution, known as the Supremacy Clause, establishes and mandates that the U.S. Constitution, all U.S. Treaties and Federal Statutes are the supreme law of the land. The Constitution's text decrees that these are the highest form of law in the United States legal system and mandates that all state judges must follow federal law whenever a conflict arises between federal law and any state constitution or law of any of the states.

8.  Since it may take up to 18-26 weeks or more to serve the documents under The Hague Convention, an Order of this Court extending time for service may be required.

**Emily Lustenberger, Manager**
Ancillary Legal Corporation
2900 Chamblee Tucker Rd. Bldg. 13
Atlanta, GA, 30341

Sworn to and subscribed
before me
Date: 01/07/2026

Notary Public